ORANGE INV. CO., Inc., v. COYLE et al.
No. 2866.

Court of Civil Appeals of Texas. Beaumont.

June 25, 1936.

Alan B. Cameron, of Orange, and Williams, Lee, Sears & Kennerly, of Houston, for appellant.

E. L. Reid, of Orange, for appellees.

O'QUINN, Justice.

Mrs. Grace R. Coyle, joined by her husband, T. F. Coyle, sued the Orange Investment Company, Inc., to recover on four certain promissory vendor lien notes, each for the sum of $500, as indorser and guarantor of the payment of said notes, and for foreclosure of the vendor's lien.

For cause of action, they alleged that on March 11, 1925, O. E. Jones, by warranty deed conveyed to O. Herbert Jones lot 3 in block 89 in the amended Sheldon survey of the city of Orange, Tex., and,

as part of the consideration for said lot, O. Herbert Jones executed to O. E. Jones four notes each in the sum of $500, bearing 8 per cent. interest payable semiannually, with provision that past-due interest should bear 10 per cent. and containing the usual 10 per cent. attorney's fee clause, said notes Nos. 1 and 2 payable one year after date, and 3 and 4 payable two years after date, and each preserving the vendor's lien on said lot to secure the payment of said notes. That said O. E. Jones, for value, indorsed said notes by writing his name across the back of same, and by written instrument transferred said notes and lien to appellant, which transfer was duly recorded, and that appellant, for value received by it, by written indorsement on the back of said notes sold and delivered same to appellee Mrs. Grace R. Coyle and on May 16, 1925, by an instrument in writing guaranteed the payment of the principal and interest of said notes.

They further alleged that after the transfer of said notes to Mrs. Grace Coyle, appellant procured O. E. Jones, who had repurchased the lot in part payment for which the notes were given, to convey said lot to it, the conveyance reciting that it was executed for and in consideration of the cancellation and surrender of said notes; that at the time appellant sold and transferred the notes to Mrs. Coyle, and at all times since, appellant agreed to represent her as her agent to collect interest on said notes and professed to collect said interest until and subsequent to September 11, 1932, and paid same to her, when she had no knowledge whatever of the fact that appellant had secured to itself a conveyance of the property until some time subsequent to January 1, 1933; that by securing a conveyance to it of the property for the recited consideration of the cancellation and surrender of said notes, appellant thereby impliedly assumed the payment of said notes and was bound for the payment of same; and that by reason of the premises and acts of appellant in securing to itself the property standing as security for the payment of said notes, appellees were entitled to and had an equitable lien on said lot and premises to secure the payment of the notes so sold and transferred to them.

They further specially alleged that after said notes became barred by limitation and within less than four years before the insti-tution of this suit, appellant in writing acknowledged to appellee its obligation and willingness to pay said notes and continued to recognize its obligation so to do up to and including September 11, 1932, in that on September 2, 1931, it executed and delivered to appellee Mrs. Grace R. Coyle its check in payment of all interest due on said notes to September 11, 1931, a letter dated September 10, 1932, and another letter dated September 19, 1932, and another check dated September 19, 1932, all to Mrs. Coyle, as constituting said alleged written acknowledgment of and willingness to pay said notes, wherefore appellant was obligated and bound to pay said notes; but that subsequent to September 11, 1932, appellant had failed and refused to pay any portion of said indebtedness, either principal or interest, though often requested so to do. Further allegations of facts were made as a basis for recovery, but it is not thought necessary to state them. Prayer was for relief in accordance with their pleas.

Appellant answered by general demurrer, the four-year statute of limitation (Vernon's Ann.Civ.St. art. 5527), by special exception, general denial, and specially denied that it had in any manner agreed at any time subsequent to September 11, 1927, to pay the notes, but had on September 10, 1932, notified Mrs. Coyle that it would not pay the notes. It admitted that the letter to Mrs. Coyle of September 10, 1932, signed by it was written by one J. H. David, secretary-treasurer, but denied his authority to acknowledge any indebtedness to her or to any one else on said note, and that same was neither authorized nor ratified by it.

It further answered and denied that the letter set out in appellees' petition constituted anything more than an agreement to pay the interest due on the notes up to September 11, 1932, in the sum of $160, which it had paid; but if the court should construe said letter to be an acknowledgment of said indebtedness and a willingness to pay same, then, in that event, it should be construed to mean that it would pay said indebtedness at such time as it would be able, and that it had not been able to pay said indebtedness at any time since the date of said letter. It did not deny that after it had sold and delivered the notes to Mrs. Coyle and after it had executed and delivered to her its guaranty to pay said notes, that it had procured

from Jones, the purchaser of the property, and the maker of the vendor lien notes, a conveyance to it of the property for the recited consideration of the cancellation and surrender to Jones of his notes given in part payment for the property.

The case was tried to the court without a jury and judgment rendered for appellees and against appellant in the sum of $2,684, being for principal, interest, and attorney's fee, with 8 per cent. interest thereon from February 18, 1935, the date of the judgment, and costs of suit, and for foreclosure of the vendor's lien on said property, lot 3, block 89, Amended Sheldon survey of the city of Orange, Tex.

Appellant's first five assignments, from various angles, assert that the notes, and each of them, were barred by the four-year statute of limitations, and that the instruments (checks and letters) relied on by appellees as a recognition by appellant of its liability to pay said notes and a promise in writing to do so were not sufficient to relieve said notes from the bar of limitation.

■ These are the facts: March 11, 1925, O. E. Jones sold to O. Herbert Jones lot 3 in block 89 of the Amended Sheldon survey of the city of Orange, Tex., and O. Herbert Jones, as a part of the consideration for said lot, executed and delivered to O. E. Jones four promissory vendor lien notes, each for $500, bearing 8 per cent. interest from date, payable semi-annually, and contained the usual 10 per cent. attorney's fee clause. Notes 1 and 2 were payable one year after date, and notes 3 and 4 payable two years after date. On said date, March 11, 1925, O. E. Jones by written indorsement on the back of said notes and by written transfer of the notes and lien transferred said notes and lien to appellant, which transfer was duly placed of record. After O. E. Jones sold the notes and lien to appellants, he repurchased the lot from O. Herbert Jones, he, O. E. Jones, assuming the payment of the notes. On May 16, 1925, appellant for value, by written indorsement on the back of said notes and by an instrument in writing sold and transferred said notes and lien to Mrs. Grace R. Coyle, and in said written transfer guaranteed the payment to Mrs. Coyle of said notes, principal, and interest. On December 17, 1927, representing to O. E. Jones that it was the owner and holder of said notes, appellant procured from said Jones a deed conveying to it the lot in question, said conveyance reciting as a consideration the cancellation and surrender of said notes, said deed being placed of record on December 20, 1927. Appellant paid to Mrs. Grace R. Coyle the interest due on each of said notes up to September 11, 1931, such payment of interest being made out of funds of appellant after it had procured the deed from O. E. Jones to the property securing said notes.

On September 2, 1931, appellant executed and delivered to Mrs. Coyle its check, as follows:

"Orange, Texas, Sept. 2, 1931
"No. 7744
"The First National Bank of Orange, Texas
"Pay to the
"Order of Mrs. Grace R. Coyle....$320.00
"Three Hundred Twenty & no/100 Dollars
"The Orange Investment Co. Inc.
"J. H. David,
"Sec'y-Treas.
"Countersigned:
"R. M. Hill,
"Vice President"
Indorsed on the back thereof:
"Interest 9-11-31 on O. E. Jones notes."

On September 10, 1932, appellant, in response to a request from Mrs. Coyle to pay the notes, wrote her the following letter:

"September 10th, 1932
"Mrs. Grace R. Coyle, 750 Goliad St., Beaumont, Texas
"Dear Mrs. Coyle: We are in receipt of your letter of September 2nd. With reference to taking up the Jones' notes. The writer has discussed this matter with Mr. Colburn and owing to present conditions we are not able to take up these notes, but will be glad to remit the accrued interest up to the 11th of this month.
"If this meets with your approval, kindly let us hear from you.
"Yours truly,
"The Orange Investment Co. Inc.,
"By J. H. David, Sec'y-Treas."

On September 19, 1932, appellant wrote Mrs. Coyle, as follows:

"Orange, Texas, Sept. 19, 1932
"Mrs. Grace R. Coyle, 750 Goliad Street, Beaumont, Texas
"Dear Mrs. Coyle: We enclose herewith check for $160.00 in payment of in-

terest on the O. E. Jones notes to September 11, 1932.

"With kindest regards, we are,

"Yours truly,

"The Orange Investment Co. Inc.

"By J. H. David."

The inclosed check mentioned, read:

"Orange, Texas, Sept. 19, 1930

"No. 8034

"The First National Bank

"Pay to the

"Order of Mrs. Grace R. Coyle    $160.00

"One Hundred, Sixty & no/100    Dollars

"The Orange Investment Co. Inc.

"J. H. David,

"Sec'y-Treas.

"Countersigned:

"Geo. E. Colburn,

"Vice-Pres.

"Int. to 9/11/32

"O. E. Jones notes."

Each of the, letters and checks, above referred to, were received by Mrs. Coyle, the checks cashed by her, and the proceeds applied to the interest due on the Jones notes. The indorsement on the back of the check dated September 2, 1931, "interest 9/11/31 on O. E. Jones notes," and that on the check of date September 19, 1932, to wit, "Int. to·9/11/32 O. E. Jones notes," were placed on the checks by appellant, and plainly manifested that said checks were given in payment of all interest due on said notes to their respective dates, which said notes were the notes here involved, sold, and transferred to Mrs. Coyle by appellant. It is too plain for cavil that the references in the checks and letters to Mrs. Coyle to the "Jones notes" were intended to inform Mrs. Coyle that appellant at each of said dates not only recognized said notes as its obligations, but that they would be paid. There was no intimation that appellant did not intend to pay the notes, but to the contrary in the letter of September 10, 1932, the explanation that "because of present conditions we are not able to take up these notes but will be glad to remit the accrued interest up to the 11th of this month," and a few days later, the 19th, sent check for $160 covering all due interest was an unequivocal admission of its liability. These checks and letters

were amply sufficient to constitute and did constitute an unqualified and unequivocal acknowledgment in writing on the part of appellant of the existence and justice of the indebtedness evidenced by the said notes, and a willingness to pay same, and hence sufficient to relieve said indebtedness from the bar of the statutes of limitation. The assignments are overruled. Howard v. Windom, 86 Tex. 560, 26 S.W. 483.

The sixth, seventh, and eighth assignments to the effect that if the writings relied on, and already discussed, were sufficient to constitute a promise to pay the notes in question, then such·agreement and promise was a conditional one, that it would pay when it was financially able, and that such ability was not shown, are overruled. No such condition as to payment was stated in any of the instruments relied upon, nor can any such condition be implied therefrom.

We overrule appellant's assignments to the effect that the trial court's finding that J. H. David, secretary and treasurer of the Orange Investment Company, Inc., was authorized to issue the checks and write the letters in evidence to Mrs. Coyle relative to the notes in question and their payment and the payment of the interest thereon after same had become barred by the four-year statute of limitation, is without support in the record. The findings of the court are abundantly sustained by the record. During all the time the matter was dragging, and the checks for interest were being given, and the letters written to Mrs. Coyle, J. H. David was, and long before had been, in active charge and management of the appellant's business, in frequent consultation with its higher officers, and no objection to any of his acts as such officer (secretary and treasurer) is reflected by the record, and the officers of appellant and its board of directors were fully cognizant of the situation and its progress and David testified fully supporting the facts as found by the court.

No error is shown, and the judgment should be affirmed, and it is so ordered.

Affirmed.