**SAUER v. MACY OIL CO. et al.**

**No. 9770.**

Court of Civil Appeals of Texas. Austin.

March 9, 1949.

Rehearing Denied March 30, 1949.

Small & Small, and C. C. Small, all of Austin, for appellant.

Kelley, Looney, McLean & Enochs and Jackson Littleton, all of Edinburg, for appellees.

ARCHER, Chief Justice.

On the first day of January, 1939, Nelson Jean and C. F. Wood, d. b. a. Macy Oil Company of Donna, Texas, executed and delivered to H. W. Sauer of Austin, Texas, a promissory note in the sum of $1,237.95, payable July 1, 1939, at the American National Bank of Austin, Texas, with eight per cent per annum interest thereon. On July 25, 1939, Nelson Jean, the manager of the Macy Oil Company, wrote a letter to appellant reading in substance as follows:

"July 25, 1939.

"Mr. Sauer—

"We certainly appreciate your kindness in carrying on this note, and think we can pay some on the principle after our farmers get their cotton picked and pay us as we hope they will.

"I am sending this check for $50.64 which I think covers the six months interest. However, if this is not the right amount, let us know.

"Why don't you this fall or winter jump in your car and come down and really enjoy the Valley for a few days; it would do you lots of good, and we would be more than glad to have a long visit with you.

"Thanking you for this accommodation and hope to have the pleasure of returning it some way some time.

"As ever,

"Nelson Jean."

Following this letter the said Nelson Jean, being the manager of said Macy Oil Company, gave to appellant on the Donna bank, which was the same bank upon which he gave the $50.64 check, checks on the following dates and for the following amounts:

3/6/43   $20.00 4/12/47 —$2.00 by gasoline
                              furnished
12/19/43 25.00
12/4/44   15.00 10/11/47— 1.95 by gasoline
                              furnished.
3/28/46  25.00
11/10/46 15.00

On January 30, 1948, this suit was filed in the 98th District Court of Travis County in cause No. 79,814 on the docket of said court, wherein H. W. Sauer of Austin, Texas, was plaintiff and Macy Oil Company, Nelson Jean and C. F. Wood were defendants. On February 20, 1948, the defendants filed their plea of privilege seeking to move the cause to the District Court of Hidalgo County, Texas, the county of the residence of the defendants. On February 26, 1948, plaintiff filed his controverting answer to defendants' plea of privilege. On March 26, 1948, a hearing was had upon the plea of privilege and controverting answer, and the trial court overruled the plea of privilege.

The case came on for trial in the 98th District Court of Travis County on July 29, 1948, before the Judge of said court, without a jury, and the trial court overruled defendants' three special exceptions, being Nos. 1, 2 and 3, and sustained defendants' plea of the limitation and entered judgment against the plaintiff and in favor of the defendants, to which judgment, action and ruling of the court plaintiff gave notice of appeal.

Complaint is made of the action of the court in refusing a judgment for the plaintiff, and in sustaining a plea of limitation; these points we overrule.

The note sued on was more than eight years past due when the suit was filed; it was dated January 1, 1939, and payable July 1, 1939, and the suit was filed January 30, 1948, and admittedly barred by the statute, Art. 5527, R.C.S., unless limitation was tolled by the acts of the defendants in writing a letter dated July 25, 1939, and by the delivery of five small checks.

The letter of July 25, 1939, was barred by the statute at the time of the institution of the suit. In Lefebure Corporation v. Wallace, Tex.Civ.App., 114 S.W. 2d 614, the rule set out in Mitchell v. Clay, 8 Tex. 443, has been followed in all subsequent cases. The letter only promised to pay "some on the principle after our farmers get their cotton picked and pay us as we hope they will." There was no evidence that this condition was ever fulfilled, and the burden was on the plaintiff to establish this fact, and having failed in this connection the court properly rendered judgment for the defendants. The checks bore no notation on the explanation of their amounts and purpose, and do not meet Art. 5539, R.C.S.:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

In First National Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 101, 125 A.L.R. 265, Justice Smedley directed attention to the notation on the check, "Int. on note," which was for the exact amount of the interest on the $10,000 note for six months. And further on it is noted that: "It is our opinion that, because of the peculiar facts of this case and without reference to the question of notice First National Bank in Canyon is not to be classified or considered, in relation to the agreement extending the Tom Davies note and lien, as a third person acquiring a junior lien." And further, " 'the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.' "

In the instant case there is no suggestion of a fiduciary relationship between the appellant Sauer and the appellees Jean and Wood, only that of a creditor, too lenient, and debtors.

In Orange Investment Co. v. Coyle, Tex. Civ.App., 95 S.W.2d 1372, 1374, there was placed on one of the checks, "interest 9-11-31 on O. E. Jones notes", and on the other dated September 19, 1932, "Int. to 9/11/32 O. E. Jones notes," and in the letter of September 10, 1932, there was the explanation that "because of present conditions we are not able to take up these notes but will be glad to remit the accrued interest up to the 11th of this month," and a few days later, the 19th, sent check for $160 covering all due interest.

Only the last two payments, one dated March 28, 1946, for $25, and one dated November 10, 1946, for $15, were made less than four years before the suit was filed, and did not operate to toll the statute.

"* * * Payment of a part of a debt, however, under the statutes of this state, do not avoid the bar of the statute; nor are such payments the acknowledgment of the justice of the debt, or promise to pay it, which will have that effect." Meusebach v. Halff, 77 Tex. 185, 13 S.W. 979, 980.

. We deem it unnecesary to pass on appellees' cross point since we have disposed of the appellant's assignments as we have.

Judgment of the trial court is affirmed.