173 So. 53
**LINDSEY v. STANDARD ACCIDENT INS. CO. et al.**

7 Div. 405.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Granted March 11, 1937.

Culli, Culli & Swann, of Gadsden, for appellant.

Inzer, Davis & Martin, O. R. Hood, and Roger C. Suttle, all of Gadsden, and Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellees.

**ANDERSON, Chief Justice.**

This case has been before this court upon former appeal, 230 Ala. 633, 162 So. 267, wherein the pleading only was considered and the bond of the Standard Company was not set out in haec verba and was not then construed.

■ There was a decree against the receiver of the Gadsden National Bank for the value of the bonds claimed to have been appropriated, lost, or destroyed while held as bailee of the appellant's principal and from which no appeal was taken by the receiver or other appellees, nor is there a cross-assignment of error by any of the appellees. So, regardless of what we may think as to the weight and sufficiency of the evidence as to the conversion or loss of the bonds by the bank, we will proceed to consider this appeal upon the assumption that the decree of the trial court was correct and binding in so far as it relates to the receiver of the bank. The only questions open being the liability vel non of the directors and officers of the bank made respondents to the bill of complaint as well as the Standard Company upon its bond to the bank indemnifying it against the misconducts of its servants or agents.

While the trial court found that the bonds had been in the custody of the bank and that the loss of same was due to the fault or neglect of some one connected therewith, it was also held that the evidence failed to fix the conversion or loss on either of the named respondent officials, directors, or servants so as to authorize a personal decree against either of them and, in this, we are disposed to agree with the trial court.

■ As we construe the bond of the Standard Company to the National Bank of Gadsden (record Pg. 87), it was simply an indemnity to the bank and a protection to it against certain misconduct of its officers, agents, or servants and did not include or apply to third persons such as creditors or persons having claims or causes of action against the bank. In other words, the bond in question is' not a statutory bond, and not providing protection for third persons, the right to sue upon same is confined to the indemnitee, the bank. Allen v. Mass. Bonding & Ins. Co., 218 Iowa, 294, 253 N.W. 498; Fidelity & Deposit Co. v. Duke (C. C.A.) 293 F. 661; Sprowl v. Lawrence, 33 Ala. 674; Fidelity & Deposit Co. v. Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13. True, in this last case, a rehearing was granted by a divided court, but not upon the correctness of the legal principle set out in the original opinion. The majority thought and held that the bond was broad enough to cover material furnished a subcontractor.

■ The appellant relies upon section 6401 of the Code of 1923 which requires directors of banks to require bonds from each and every officer and employee of the bank, and section 5682 of the Code which authorizes aggrieved persons to bring suit upon the bonds therein mentioned, as well as certain Indiana cases.

Section 6401 of the Code appears in chapter 263 of the Code of 1923 dealing with state and not national banks and has no application to the bank or bond in question. The requirement of bonds by officers of national banks is regulated by federal and not state statutes. Revised U.S.Stat. § 5136; Robinson v. Hall (C.C.) 59 F. 648; United

States Annotated Code, vol. 12, section 24, subdivision Fifth.

Section 5682 of the Code of 1923 reads as follows:

"For any breach of an official bond or undertaking of any officer of this state, executor, administrator, or guardian, or of any bond or undertaking given in an official capacity to the state, or any officer thereof, the person aggrieved may sue in his own name, assigning the appropriate breach."

As above pointed out, this is not an official bond or that of an executor, administrator, guardian, or by one in an official capacity as covered by those enumerated in said section 5682.

As to the Indiana cases, especially United States Fidelity & Guaranty Co. v. Poetker, 180 Ind. 255, 102 N.E. 372, L.R.A.1917B, 984, this case is explained and differentiated in the case of Allen v. Mass. Bond Co., supra, wherein it was pointed out that the Indiana statute required the bond to cover interested third persons. Moreover, it can well be noted that the bank there involved was a state and not a national bank. Besides, the suit seems to have been brought by the receiver of the bank, the direct successor to the payee or indemnitee of the bond.

The trial court found the value of the bonds to be $5,000 and, as to this there is no controversy. The bonds bore interest at 4¼ per cent. and the loss of same deprived the complainant only of interest at that rate until the maturity, and, this being an equitable proceeding, we think that the decree should have awarded interest at 4¼ per cent. which should have been computed from the date of the conversion to the date of the decree instead of the date of receivership. The decree is therefore corrected so as to be $5,000 with interest at 4¼ from October 31, 1931, to the date of the decree May 23, 1936, equal to $951.85, making a total of $5,951.85.

The decree is therefore corrected and affirmed. Three-fourths of the cost of this appeal are to be taxed against this appellant and one-fourth against the receiver of the Gadsden National Bank.

The decree of the circuit court is corrected and affirmed.

Corrected and affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

On Rehearing.

ANDERSON, Chief Justice.

Upon a reconsideration, we conclude that we erred in correcting the decree of the trial court as to the period that the appellant's claim should bear interest. The bank being a national one, the receivership and the claims are controlled by the federal statute and rule and the appellant's claim drew interest up to the appointment of the receiver. 7 C.J. p. 849, § 847; White v. Knox, Comptroller, 111 U.S. 784, 4 S.Ct. 686, 28 L.Ed. 603. As to the rate of interest allowed, 8 per cent. instead of 4¼ per cent., the appellee receiver cannot and does not now complain as there was no appeal or cross-assignment of error by him.

Rehearing granted, judgment modified, and case affirmed unconditionally and appellant taxed with all the cost of the appeal.