**FIDELITY & DEPOSIT CO. OF MARYLAND v. REED.**

No. 10103.

Court of Civil Appeals of Texas. San Antonio.

July 28, 1937.

Rehearing Denied Oct. 6, 1937.

R. B. King and John C. North, both of Corpus Christi, for appellant.

Sydney P. Chandler, of Corpus Christi, for appellee.

SLATTON, Justice.

Appellee filed suit against the Securities Service Corporation, H. G. Walker, trustee for the Securities Service Corporation, and Fidelity & Deposit Company of Maryland, alleging in effect that appellee purchased 100 shares of stock, for which she paid the sum of $1,762.50, from the Securities Service Corporation; that such stock was never delivered to her; that the stock was taken by one of the employees of the Securities Service Corporation; and further alleging all elements of conversion on the part of the agents and employees of the Securities Service Corporation. Appellee also pleaded that appellant, Fidelity & Deposit Company of Maryland, had executed and delivered a bond to the Securities Service Corporation, which bound and obligated the appellant to hold the Securities Service Corporation harmless against direct loss (the bond was an exhibit to appellee's pleading), and prayed for judgment for the conversion of such stock. Appellant answered by plea in abatement, by general demurrer, and special exceptions. Said plea in abatement and special exceptions questioned the right of appellee to sue appellant on the bond, for the reason that said bond was an indemnity bond running to the benefit of Securities Service corporation, and therefore there was no privity of contract between appellee and the appellant.

The trial was to the court without the intervention of a jury, and judgment was rendered in favor of appellee against the Securities Service Corporation and its trustee, and the Fidelity & Deposit Company of Maryland, in different amounts. The insurance company alone appeals.

Appellant, by its first proposition, asserts that the trial court erred in overruling its plea in abatement and its special exceptions. Appellee asserts that the plea in abatement not having been presented at the first term of the court after which it was filed, that appellant thereby waived its plea in abatement. In view of the fact that appellant raised the same question by its plea in abatement and general and special exceptions, it is not deemed necessary to pass upon the question, whether or not appellant's plea in abatement was waived.

Section 1, of the bond executed and delivered by appellant to the Securities Service Corporation reads as follows, to wit: "Fidelity and Deposit Company of Maryland, a corporation of the State of Maryland, with its home office in the City of Baltimore, hereinafter called the Under writer, in consideration of an annual premium agrees to indemnify Securities Service Corporation, Dallas, Texas, hereinafter called the Insured, against the direct loss, sustained while this bond is in force and discovered as hereinafter provided, of any money or securities, or both, as defined in Section 5 hereof, in which the Insured has a pecuniary interest, or held by the Insured as collateral, or as bailee, trustee or agent, and whether or not the Insured is liable therefor (such money and securities being hereinafter called Property), in an amount not exceeding Twenty Five Thousand Dollars ($25,000.00), as follows:"

It appears that the bond was one of indemnity for the sole benefit of the Securities Service Corporation of Dallas, Tex., and not the appellee in this suit. Moreover, the bond was to indemnify the Securities Service Corporation of Dallas, Tex., against direct loss, as distinguished from liability. The rule is well stated in Corpus Juris, vol. 31, § 57, as follows: "The rules which govern one who may sue on contracts generally control, insofar as applicable, in determining who may, or who may not sue on a contract of indemnity. As a general rule the only party entitled to sue on such contracts is the indemnitee or some one in his right, such as his assignee. A third person, although he may have an interest in the subject matter of the indemnity, and a right of action against the indemnitee, not being a party to the indem-

nity contract, is not entitled to sue thereon in his own name, unless the contract or bond is not merely for indemnity, but also creates a direct obligation in his favor, as where it is conditioned for the benefit of any person 'who may be injured,' etc."

The case of Kuntz et al. v. Spence (Tex. Com.App.) 67 S.W.(2d) 254, cites the case of Fidelity & Casualty Company v. Martin, 163 Ky. 12, 173 S.W. 307, 308, L.R.A. 1917F, 924, in which the following language is used: "To enable a third party, for whose benefit a contract is made, to sue thereon in his own name, the promisee must owe some obligation or duty to such third party when the contract is made, and it is not sufficient that the performance of the contract might be made to benefit him."

This court, speaking through Mr. Justice Murray, in the case of Cannon Ball Motor Freight Lines v. Grasso, 59 S.W.(2d) 337, 343, which case was later affirmed by our Supreme Court, 125 Tex. 154, 81 S.W. (2d) 482, said: "Intent to make an obligation inure to the benefit of a third party must clearly appear in the contract, and if there is any doubt about it, it should be construed against such intent."

In the case of Hardin Lumber Company v. Shepard (Tex.Civ.App.) 40 S.W.(2d) 215, 221, the court said: "Privity of contract is an essential element of a plaintiff's cause of action upon any character of contract, and there can be no difference in the rule which applies to a suit upon a contract of guaranty and the rule applying in a suit on a bond."

In 23 Tex.Jur., § 7, it is said: "The cardinal rule governing in the construction of indemnity contracts is that the indemnitor is entitled to have his undertaking strictly construed in his favor, and that it cannot be extended by construction or implication beyond its plain terms."

In the case before us the bond executed and delivered by appellant to Securities Service Corporation was not for the benefit of a third party, nor for the benefit of appellee. We are, therefore, of the opinion that the trial court committed reversible error in overruling and not sustaining the appellant's special exceptions directed to appellee's trial pleadings raising the question hereinbefore discussed.

A bond almost in the identical language as the one before us was under consideration in the case of Allen v. Massachusetts Bonding & Insurance Co., 218 Iowa, 294, 253 N.W. 498, 499, wherein the same ruling was made, as made by us, by the Supreme Court of Iowa.

The appellee asserts, as counter to the propositions made by appellant, that the Securities Service Corporation, through its receiver, made an equitable assignment of the cause of action against the appellant, and that in virtue of such equitable assignment the appellee has a direct cause of action against the appellant here. The only matters which in anywise tend to support an equitable assignment, as claimed by appellee, found in the statement of facts, is a letter written to appellee's counsel, on October 21, 1935, by H. G. Walker, trustee for Securities Service Corporation, in which it is stated that the corporation had a receipt of one of its employees for the stock in question, and further as follows: "Please understand that the Securities Service Corporation and the writer are most anxious to have this matter settled satisfactorily to Mrs. Reed and this is the attitude the company has adopted all along. That was the occasion for Mr. Robinson's suggestion to you that you file suit for the recovery of the stock as the bonding company will be obliged to defend the suit and to reimburse Mrs. Reed for her losses, providing it is proven this to be the responsibility of the company."

We are unable to construe this letter to be any kind of an assignment, either legal or equitable; it emphasizes merely the differences pointed out in the Allen Case supra, by the Supreme Court of Iowa.

"There is a well-recognized difference between contracts of indemnity against loss and contracts of indemnity against liability. In the former the insurance company does not become liable until loss has actually been suffered and the amount of the insurance does not become available until the assured has paid the loss, whereas in the latter case the obligation of the insurance company becomes fixed when the liability attaches to the insured."

As heretofore pointed out, the contract before us was against direct loss, not to appellee, but to Securities Service Corporation, and the letter above quoted, by way of suggestion that appellee's loss be established in court, was not an equitable assignment as contended by appellee.

What we have said demonstrates that it was reversible error for the trial court to overrule appellant's special exceptions, and for such errors this case will be reversed and remanded. It is so ordered.