**A. W. HUTCHINGS, Appellant,**

v.

**Kenneth M. BAYER, d/b/a Bayer Petroleum Co., Appellee.**

**No. 15157.**

Court of Civil Appeals of Texas. Dallas.

Nov. 16, 1956.

Rehearing Denied Dec. 14, 1956.

J. M. Deavenport, Dallas, for appellant.

Storey, Armstrong & Steger, Hugh L. Steger and Charles W. Hall, Dallas, for appellee.

YOUNG, Justice.

The suit of Bayer against Hutchings and wife was upon notes, checks and drafts of various dates, on their face in the aggregate of some $18,880, which defendants denied, pleading limitation. Plaintiff then pled the provisions of Art. 5539, V.A.C.S., entitled "Acknowledgment must be in writing", in connection with correspondence between the parties; and upon trial to the court, judgment was rendered against A. W. Hutchings only, totaling $23,602.83 principal, interest and attorney's fees, with result of this appeal. No findings of fact or conclusions of law were requested of, or filed by the trial court.

The parties, presently living in Dallas County, appear to have formerly resided in Mt. Vernon, Illinois, which was the locus of the seven instruments declared upon by plaintiff in petition filed December 6, 1954. These obligations were described as follows: One note for $12,500 dated February 19, 1947, due August 19, 1947, bearing interest and providing for attorney's fees at 5%; one note for $1,500 dated December 5, 1950, due March 5, 1951, bearing interest at 6% and providing for 10% attorney's fees; one note for $1,000 dated June 4, 1951, due July 4, 1951, with similar provisions as to interest and attorney's fees, all payable to plaintiff; one bank draft for $1,000 of date May 15, 1951 and payable on demand; one check for $1,600 dated January 5, 1951, payable on demand; one check for $785 dated March 9, 1951, another for $495 dated March 9, 1951, both payable on demand. With respect to each of these transactions, plaintiff had alleged a refusal of payment, although each obligation as described "is recognized by defendants"; pleading alternatively as upon sworn account concerning above listed bank draft and checks.

Material here, defendants' answer was in form of general denial; by further answer, both amended and supplemental, pleading the two and four year statute of limitations, i. e., Arts. 5526, 5527, V.A.C.S. Then was filed on December 15, 1955 plaintiff's first supplemental petition invoking the provisions of Art. 5539, V.A.C.S., styled "Acknowledgment must be in writing," which provides: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness

of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby." Relevant to the quoted statute, plaintiff here pled an exchange of letters of dates July 31, 1952 and August 17, following, the effect of which, as plaintiff alleges, was to acknowledge the justness of all transactions sued upon. This correspondence was referred to and made part of lengthy stipulations of date November 30, 1955, and will be now quoted.

"DeWitt and Woodruff
"Attorneys at Law
"First National Bank Building
"Mt. Vernon, Illinois.

"July 31, 1952.

Registered Mail

"Mr. A. W. Hutchings
"5310 Stonegate
"Dallas, Texas

"Dear Mr. Hutchings:

"Kenneth M. Bayer has discussed with me the matter of your indebtedness to him, the amount being in the neighborhood of $20,000.00. As you know, amounts were advanced from time to time by him for various purposes, including a loan to you when you went into business in Louisiana, one in connection with your wife's operation, another in connection with your son's death, etc. There is also the matter of two checks, one to R. A. Hughes for $785.00, the other to William Reynolds for $495.00, and I am sure that you are familiar with the details concerning these checks. Each of the payees denies that his purported endorsement on the back of his respective check is actually his signature and both checks show that they were deposited to your account at the White County National Bank in Carmi. I am also informed that both Mr. Hughes and Mr. Reynolds deny that they ever had any dealings whatever with you about these matters and that they know nothing about the checks except that they did not receive them and did not endorse them.

"I am confident that you are aware of the serious nature of this matter, particularly so far as the checks are concerned, and I am also confident that you should immediately make arrangements with my client to pay the amount of indebtedness. Therefore, I shall expect that you will at once contact either Kenneth directly or me so that a satisfactory settlement can be promptly arranged.

"Yours very truly
"/s/ Maurice DeWitt."

"Kenneth:

"DeWitt's letters have been received. The latter part of this week or next you will received a payment. I have not denied my obligation nor do I think it appropriate for DeWitt to write as he did—tho you may have forgotten details but I have not. I feel our business was confidential & will remain that way regardless of who or what agency enters the matters. How are the Ky wells? A.W.H. Hutch."

Paragraph 10 of the Stipulations also states: "It is the intent of this stipulation and agreement that the causes of action as pled by the plaintiff, and as supplemented by the exchange of letters mentioned and incorporated in Paragraph VIII above, are good, subject to the defenses of limitation as pled by the defendants and as supplemented by facts set out in this stipulation. It is agreed that plaintiff and/or defendants may amend their petition and answer to conform to this agreement."

Points of appeal relate to error of the trial court: (1) "in holding that the letter from A. W. Hutchings dated August 17, 1952, addressed to Kenneth M. Bayer in reply to the letter of Maurice DeWitt, dated July 31, 1952, constituted a new promise sufficient to take the case out of the operation of, and remove the bar of the Statute of Limitations"; and (2) "in refusing to enter judgment for the defendant A. W. Hutchings in that the three notes,

one bank draft and three bank checks declared upon were barred by the Statute of Limitations."

In reply, it is the position of appellee that the Hutchings letter of August 17, 1952 addressed to Kenneth M. Bayer, answering that of Attorney DeWitt, "constituted in all respects an acknowledgment or a new promise to pay, sufficient to remove the case from the bar of the statute of limitations"; and here it may be observed that on date of filing of original petition (December 6, 1954), only the $12,500 note was barred by the applicable limitation statute of four years (Art. 5527).

There appears no dispute between the parties as to the general rules controlling of acknowledgment of debts barred by limitation. They are stated in 28 Tex.Jur., secs. 167, 168, pp. 264, 265, and 266, citing many Texas cases that deal with the statute in question. We quote somewhat at length from this text: "It is indispensable to the sufficiency of an acknowledgment that it appear from the writing, or from evidence offered in explanation thereof, that the new promise relates to the claim which it is relied upon to revive. * * * However, it is not required that the writing itself shall expressly identify the debt intended to be renewed. Parol evidence is admissible for that purpose; and it may be shown from different writings, such as a letter and answer thereto, that the debtor's promise related to the debt sued upon. Whether the debt embraced in the suit is the one referred to in the writing signed by the debtor is ordinarily a question of fact for the jury. * * * It has been broadly stated that if there is a written promise to pay a barred debt generally without identifying it, and it appears that there is more than one debt owing the party to whom the general promise is made, the writing is ineffectual to relieve the bar of the statute as to any one of the debts. On the other hand, if no other debt is shown to be due from the defendant to the plaintiff, an acknowledgment in general terms will be held to relate to the debt sued upon. In such a case the burden is upon the defendant to show that the debt mentioned in the writing is not the one involved in the suit, or that there were other debts owing by the defendant to the plaintiff."

 Appellant argues that under above rules of construction, his letter of August 1952 is insufficient to toll the statute, in that it refers to no more than "my obligation" which it does not identify; and that the further statement "The latter part of this week * * * you will receive a payment" is referable to no liability concerning which the payment is to be made, except possibly the two checks discussed in the prior letter of Maurice DeWitt. But these two letters are to be considered together, the subject of discussion undoubtedly being defendant's indebtedness "in the neighborhood of $20,000", which in turn comprehends the seven instruments sued upon.· "Although it is not essential in all cases that acknowledgment of a debt specify the exact amount due to avoid bar of statute of limitations, amount must be susceptible of ready ascertainment and the acknowledgment must be of a present debt." Martindale Mortg. Co. v. Crow, Tex.Civ. App., 161 S.W.2d 866, syl. 11. And manifestly, whether the indebtedness in suit was the obligation referred to in the letter from this debtor seeking further time and promising payment, was a question of fact either for the court or jury. Schumacher Oil Works v. Keisler, Tex.Civ.App., 31 S.W.2d 461.

 Moreover, it was defendant's burden to show that his acknowledgment is not referable to the indebtedness in suit. Said the Court in Evans v. Evans, Tex.Civ.App., 249 S.W. 1097, 1098, under circumstances quite analogous: "The letter evidently referred to the debt on which the suit was based, and anyway, if appellant desired to make the reference doubtful, he should have shown there were other debts. Not having

done so, his acknowledgment must be taken to apply to the debt evidenced by the promissory note made the basis of the suit." See also Windom v. Howard, 86 Tex. 560, 26 S.W. 483; and Cotulla v. Urbahn, 104 Tex. 208, 135 S.W.1159, 34 L.R.A.,N.S., 345. As appellee observes, while these cases concern a single transaction, the rule should be no different merely because seven precise and definite transactions are involved instead of one.

■ Above conclusions render unnecessary any discussion of the second point, arguing bar of the statute to the entire debt. As already stated, only the $12,500 was subject to the plea of limitation on date of plaintiff's filing of original petition, sufficiently revived by appellant's letter of August 1952; and this action, based upon such written acknowledgment, was instituted well within the four-year period of limitation applicable thereto. Texas Co. v. Wilbanks, Tex.Civ.App., 105 S.W.2d 448. Nor need we labor the point of whether this written acknowledgment was first generally alleged in original petition (absent special exception), or became later a new cause of action by way of supplemental petition. If the latter, the procedure constituted no more than irregularity of pleading; Cotulla v. Urbahn, supra; and see Rule 90, Texas Rules of Civil Procedure, "Waiver of Defects in Pleading."

■ It is further argued that, at any rate, the new promise "would not extend the covenants for the payment of interest and attorney's fees." Appellee's pleading was inclusive of these items, adducing evidence as to attorney's fees, the award in such respect being $1,342. No point of error complaining of the award of interest and attorney's fees has been preserved on appeal nor heretofore mentioned in appellant's brief; for which reason the new matter must be disregarded.

Judgment of the trial court is accordingly affirmed.