**HOUSE OF FALCON, INC., Appellant,**

v.

**Jose H. GONZALEZ et al., Appellees.**

**No. 1435.**

Court of Civil Appeals of Texas, Corpus Christi.

·June 13, 1979.

H. H. Rankin, Jr., Kirk L. James, Rankin, Kern, Martinez & Jones, McAllen, for appellant.

A. A. Munoz, II, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellees.

## OPINION

YOUNG, Justice.

House of Falcon, Inc. sued Jose H. Gonzalez, Lillie A. Gonzalez and Bego Enterprises, Inc. for royalty payments which purportedly accrued on an open account after the reproduction of certain musical compositions. Defendants denied these allegations and further asserted that the statute of limitations barred the plaintiff's claim. Recognizing that the limitations period for its claim had run, the plaintiff contended that the defendants had later acknowledged the barred debt; that the plaintiff was a third party beneficiary of a contract between the defendants and third parties; and that plaintiff could bring this action as the assignee of the same third parties' right to sue the defendants. The case was submitted to the trial court without a jury on an agreed statement of facts. The trial court found that the limitations defense did bar the appellant's cause of action and entered a take nothing judgment against the plaintiff. See Tex.Rev.Civ.Stat.Ann. art. 5526(5) (1958). Plaintiff appeals. We affirm.

The agreed statement of facts indicates the following facts and circumstances. Ramms Music Company was a division of House of Falcon, appellant. Ramms began licensing Bego Enterprises, Inc., sometime prior to January 1, 1969, to publish certain musical compositions. During the period from January 1, 1969, to October 4, 1970, Bego reproduced several compositions and consequently publisher royalties accrued to Ramms on an open account. The royalties were due on or before thirty days after the termination of each quarter of the year for records produced during that quarter. The parties agreed that the unpaid royalties for the period from January 1, 1969, through October 24, 1970, amounted to $7,500.00.

On November 17, 1970, the appellees sold all of the assets of Bego Enterprises, Inc. to Royalco International Corporation and Arnoldo Ramirez. Section 2(f) of the contract for the sale between appellees and Royalco provided:

"Sellers agree to be responsible for all personal and company income taxes, sales and general taxes due to city, county, state and federal governments and for all royalties owing to composers, publishers and/or publishers agents under mechanical licenses, and does hereby agree to indemnify and hold Buyers harmless from any liability, obligation, cost or expense arising out of or related to any action for the collection of any of the said items that accrued prior to October 24, 1970. However, after October 24, 1970, Buyers will be responsible for any such payment due therefore."

The present cause of action was filed on November 6, 1974, and the plaintiff's original petition was thereafter amended several times. Then in March of 1975, Royalco assigned to House of Falcon all rights and causes of action it had against the appellees under the contract of November 17, 1970, in consideration for, among other things, the House of Falcon's agreeing to refrain from suing Royalco for royalties due. Subsequently, in March of 1976, House of Falcon purchased all the assets of Royalco.

House of Falcon made numerous demands upon the appellees for payment of the royalties due, but all were refused. The trial below and appeal here followed.

Appellant brings forward four points of error. In its points 1 and 2 appellant contends its cause of action was not barred by limitations because section 2(f) of

the November 17, 1970, agreement between the appellees and Royalco was an acknowledgment of the debt appellees owed to House of Falcon for certain accrued royalties.

Tex.Rev.Civ.Stat.Ann. art. 5539 (1958) provides:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

In connection with this statute, where a debtor acknowledges in writing the justness of a creditor's claim, the creditor may bring suit on this new promise evidenced by the written acknowledgment. *Allied Chemical Corp. v. Koonce*, 548 S.W.2d 80, 81 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

■ In order for a written instrument to be sufficient to take a debt, otherwise barred, out of the operation of the statute of limitations under Article 5539 it must contain two elements; namely, an unequivocal acknowledgment of the justness of the claim, and an expression of a willingness to pay. *Mullens v. Bailey*, 374 S.W.2d 455, 457 (Tex.Civ.App.—Corpus Christi 1964, no writ). And, where the party sought to be charged with acknowledging a debt clearly acknowledges the existence of the debt against him, it is implied that he promises to pay the same. *Stein v. Hamman*, 6 S.W.2d 352, 353 (Tex.Comm'n App.1928, opinion adopted); *Trautman Bros. Inv. Corp. v. Del Mar Conserv. Dist.*, 440 S.W.2d 314 (Tex.Civ.App.—Waco 1969 writ ref'd n. r. e.). See 30 Baylor L.Rev. 153 (1978).

In addition to the above requirements, there are further requirements of form. First, the acknowledgment must in some way refer to the obligation or there must be introduced parol evidence that the statement was intended to acknowledge the debt being sued upon when the evidence indicates more than one debt is owing to the creditor or that there were no other debts between the parties other than the one being sued upon. *Cotulla v. Urbahn*, 104 Tex. 208, 135 S.W. 1159 (1911); *Martindale Mortg. Co. v. Crow*, 161 S.W.2d 866, 871 (Tex.Civ.App.—El Paso 1941, writ ref'd w. o. m.); *Hutchings v. Bayer*, 297 S.W.2d 375, 378 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.). And, secondly, the amount acknowledged must be susceptible of ready ascertainment, though it need not be specified. *Mandola v. Oggero*, 508 S.W.2d 861 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Hutchings v. Bayer*, supra.

■ We find none of the aforementioned requirements has been met by the purported acknowledgment before us. First, we find no expression of a willingness to pay a particular debt. Secondly, section 2(f) of the contract is equivocal and does not specify or acknowledge any particular debt. It merely states that the seller will be responsible for the debts if incurred prior to October 24, 1970, and will indemnify the buyer for any liability, obligation, cost or expense related to any action for expenses incurred prior to October 24, 1970. It is no more than an apportionment of liability and indemnity clause between the parties.

A similar type indemnity provision was considered in *Mandola v. Oggero,* supra. There the court held the language to be both equivocal and unspecific as to the amounts owed. In this regard, the language of the instant indemnity provision is also without any specificity as to the amounts owing. Furthermore, the creditor, Ramms as a division of House of Falcon, is nowhere mentioned, and, though the evidence shows the execution of several royalty contracts on different dates in 1969 and 1970 creating different obligations, there is no indication in the present indemnity clause which, if any, royalty contracts and their debts the appellees intended to acknowledge. Accordingly, appellant's points 1 and 2 are overruled.

Appellant's point 3 is an assertion that the suit is not barred by the statute of limitations because appellant is a third party creditor beneficiary of the November 17, 1970, sales contract between appellees and

Royalco by reason of the language in section 2(f) of that contract. We do not agree.

The law is clear that a third party may sue to enforce a contractual provision made for his benefit, but to entitle him to enforce such a provision, it must be shown that the contracting parties intended to make the provision for his benefit. *Taggert v. Crews*, 521 S.W.2d 703, 708 (Tex.Civ. App.—San Antonio 1975, writ ref'd n. r. e.); *Corpus Christi Bank and Trust v. Smith*, 525 S.W.2d 501, 503 (Tex.1975). In deriving intent we must presume that the parties contract for themselves, and a third party cannot recover under a contract unless he establishes that the contracting parties clearly intended that he benefit by it. *Corpus Christi Bank and Trust v. Smith*, supra; *O'Boyle v. Dupose-Killeen Properties, Inc.*, 430 S.W.2d 273 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.). We find no clear indication in the contract herein, specifically in section 2(f), that the parties intended by their agreement to confer any benefit upon the appellant. The first and last part of section 2(f) of the November 17, 1970, contract merely apportions obligations between appellees and Royalco, and the middle provision was clearly intended to indemnify Royalco. The terms of these provisions do not newly obligate the appellees to the appellant. Appellees were already purportedly obligated to the appellant at the time of the contract.

The Restatement of Contracts § 133 (1932) provides concerning third party creditor beneficiaries:

"Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in Subsection (3):

   \*    \*    \*    \*    \*    \*

(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an *actual* or *supposed* or *asserted duty of the promisee* to the beneficiary . . ." (Emphasis supplied.)

We have no evidence in the agreed statement of facts of any actual, supposed or asserted duty of the purported promisee, Royalco, to the purported beneficiary appellant. And just because Royalco purchased all the assets of Bego does not without more render it liable to the appellant for Bego's debts. *American Surety Co. of New York v. M–B Ise Kream Co.*, 38 S.W.2d 118 (Tex.Civ.App.—Dallas 1931) *aff'd* 65 S.W.2d 287 (Tex.Comm'n App.1933, judgmt. adopted).

Moreover, a promise to indemnify does not create any liability until the promisee, here Royalco and Ramirez, have incurred a liability, loss, or expense. Until then the promisee has no right of action, and consequently one claiming can assert no derivative right against the promisors, here appellees, much less a direct right. 2 Williston on Contracts § 402 (3d ed. 1957). See also *Fidelity & Deposit Co. of Maryland v. Reed*, 108 S.W.2d 939 (Tex.Civ.App.—San Antonio 1937 no writ). Appellant's point 3 is overruled.

In its point 4, appellant argues that it was suing as an assignee of Royalco's indemnity rights under the November 17, 1970, contract. As such, it claims a right to enforce the appellees "new promise" to pay the appellants for their accrued royalties found in section 2(f) of the November 17, 1970; contract.

In our discussion of point 1 we pointed out the absence of any new promise to perform the old debt. In fact the only provision in Section 2(f) of the November 17, 1970, contract which the appellant could enforce was the indemnity provision. But the right of indemnity was conditioned upon a liability or obligation arising out of or related to any action. We find no evidence of any action in this case and therefore there can be no cause of action based upon the indemnity agreement. Appellant's point 4 is overruled.

The judgment of the trial court is affirmed.