**AIR FRANCE, Plaintiff,**

v.

**A. Warren OWENS, d/b/a Owens International Air, Defendant.**

**Civ. A. No. 3–85–2533–R.**

United States District Court, N.D. Texas, Dallas Division.

June 30, 1986 and Dec. 7, 1987.

As Amended May 26, 1988.

John M. Skrhak, Bruce W. Akerly, Berman, Mitchell, Yeager & Gerber, Dallas, Tex., for plaintiff.

Eugene Zemp Dubose, Dallas, Tex., Carl R. Deller, Margaret H. Sachter, Soller, Singer & Horn, New York City, James Henley Morgan, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

BUCHMEYER, District Judge.

This conflict arises over the air transportation to that most romantic of cities—Paris—of a decidedly unromantic commodity:

*horsemeat.*[1]

The defendant A. Warren Owens ("Owens") is an international cargo agent who wrote air waybills [2] covering the horsemeat shipment of horsemeat by Marlboro Packing Co., a Texas horsemeat broker. Subsequently, Marlboro Packing went into bankruptcy, and defaulted in the payments due to the plaintiff Air France for the shipping charges. Air France now seeks to recover these shipping charges from Owens, the cargo agent.

However, this opinion holds that the action filed by Air France is barred by the Texas three-year statute of limitations in Tex.Civ.Prac. and Rem.Code § 16.006 (Vernon 1985), and that Owens is entitled to summary judgment.

## I. *The Facts*

Air France claims that it is entitled to recover the shipping charges directly from Owens, the cargo agent, on the basis of this clause in the International Air Transport Association contract ("IATA" agreement):

> [T]he IATA Cargo Agent shall be responsible for the payment of any monies due to the Carrier under this Agreement resulting from the issuance of any transportation documents in the name of the Carrier, whether or not such monies have been collected by the IATA Cargo Agent, whether or not such monies, if collected, are still in the possession of the IATA Cargo Agent, and whether or not such monies ... are recoverable.

IATA Agreement (5)(d). This agreement was executed on April 1, 1979, and was in effect when the defendant Owens wrote the waybills on behalf of Marlboro Packing.

However, Owens claims that summary judgment should be granted because this suit by Air France is barred by the Texas three-year statute of limitations in Tex.Civ.

Prac. and Rem.Code § 16.006 (Vernon 1985). In response, Air France makes two arguments: (i) that § 16.006 does not apply because it is not seeking recovery of freight charges under § 16.006, but instead is seeking enforcement of the above-quoted guarantee made by Owens when it signed the IATA Agreement; and, in the alternative, (ii) that the Texas statute of limitations was tolled because Owens, verbally and in writing, acknowledged the debt and an intention to pay this debt.

The summary judgment record does establish that in October of 1982—after Marlboro Packing was in bankruptcy—Owens agreed to pay Air France $4,000 a month for six months; that Owens believed at this time that it might receive an award from the bankruptcy proceedings of Marlboro Packing; that Owens did make payments to Air France until March of 1983; but that in April of 1983, Owens notified Air France by letter that, because the Marlboro bankruptcy proceedings had been delayed, no additional payments would be made.

This suit was filed on December 23, 1985 —more than three years after the horsemeat had been delivered to Air France for shipment.

## II. *Statute of Limitations*

Section 16.006 of the Texas Civil Practice and Remedies Code, which establishes a statute of limitations for carriers of property, states:

> (a) A carrier of property for compensation or hire must bring suit for the recovery of charges not later than three years after the day on which the cause of action accrues.

> .    .    .    .    .

> (e) A cause of action regarding a shipment of property accrues on the delivery or tender of the property by the carrier.

Air France argues that § 16.006 applies only to actions between carriers and ship-

---

**1.** However, the defendant advises the Court that horsemeat is considered a delicacy to its devotees in France.

**2.** The activity of a cargo agent writing an air waybill is roughly analogous to a travel agent

writing an airline ticket. The agent is to collect monies due under the bill for the benefit of the carrier airline, and forward the funds—less commission—to the carrier. *See* IATA Agreement at (5).

pers—and that it does not apply here because the parties involved are not a "carrier" and a "shipper," but rather a carrier and a cargo agent or freight forwarder. This claim is based on the fact that the only Texas case applying § 16.006 was a dispute between an ocean carrier and a shipper of cargo. *Acco International Paper Stock Corp. v. Sea–Land Service, Inc.*, 615 S.W. 2d 855 (Tex.Civ.App.—Houston 1981, no writ). However, this Court sees no basis for adopting such a limitation—particularly since there is nothing in the language of § 16.006 that indicates its limitation period should only apply to suits brought against shippers.

Next, Air France contends that the statute does not apply because the suit is not for the recovery of freight charges under § 16.006, but is for enforcement of the IATA Agreement—specifically, the guarantee made in the IATA Agreement that Owens would pay any monies due to Air France whether or not such monies were recoverable from Marlboro.[3]

In *Country Cupboard, Inc. v. The Texstar Corporation*, 570 S.W.2d 70, 73 (Tex. Civ.App.—Dallas 1978, writ ref. n.r.e.), the court stated that, in order to determine which statute of limitations would apply, the court "must determine the true nature of [the] cause of action by the facts alleged in [the] petition, the principal rights asserted therein, and the relief sought." Even though the right is established in the IATA Agreement, it is the right to "recover charges" from someone, whether the shipper or the freight forwarder. Certainly, the relief sought in this case is for the amount Air France charged for the shipment of the horsemeat. Therefore, whether the carrier is recovering the charges based on a guarantee or on a contract between the freight forwarder and the carrier, § 16.006 still applies.[4]

## III. *Acknowledgment of the Debt*

■ Air France also makes the alternative argument that, even if the statute of limitations applies, the action is not barred because the debt was acknowledged by the defendant Owens. This claim is based upon three undisputed facts: (1) Owens met with Air France and agreed to pay $24,000 over a six-month period; (2) Owens stated, at an October 20, 1982 meeting with Air France, that he acknowledged the amounts were due; and (3) the parties would observe the outcome of the Marlboro Packing bankruptcy proceedings to determine whether Owens might realize some satisfaction from Marlboro.

Texas Civil Practice & Remedies Code § 16.065 (Vernon 1986) states:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time the claim is due unless the acknowledgement is in writing and is signed by the party to be charged.

In *House of Falcon, Inc. v. Gonzalez*, 583 S.W.2d 902 (Tex.Civ.App.—Corpus Christie 1979, no writ), the court discussed Article 5539 (which preceded § 16.065 and contained essentially the same language):

> In order for a written instrument to be sufficient to take a debt, otherwise barred, out of the operation of the statute of limitations under Article 5539 it must contain two elements; namely, an

---

3. There is a serious dispute as to whether or not the IATA contract controls. This issue need not be resolved in view of the conclusions reached in this opinion.

4. The defendant Owens argued that the IATA Agreement was unconscionable, because Owens had no choice in signing it—under an antitrust exemption from the Civil Aeronautics Board, the IATA and international carriers required agents to be a party to the agreement. None of the arguments put forward in support of this argument are persuasive, however, as limits on competition and market choices are simply inci-

dents to the past federal regulatory scheme. See *Investigation Into the Competitive Marketing of Air Transportation—Agreements Phase*, 1983 C.A.B. Cas. (CCH) para. 22,360 at 14,326. Contrary to Owens' assertions, the Board did not find the agreement to be "contrary to public policy," but concluded that it was an aspect of the previous regulatory system that could "be improved under more competitive conditions." *Id.* at 14,324. Restrictions on freedom of contract in regulated industries is an incident of regulation that does not give rise to unconscionability.

unequivocal acknowledgement of the justness of the claim, and an expression of a willingness to pay. 583 S.W.2d at 905. The court also explained that parol evidence may be introduced to show that a defendant was acknowledging the debt being sued upon "when the evidence indicates more than one debt is owing to the creditor or that there were no other debts between the parties other than the one being sued upon." *Id.* In addition, *House of Falcon* makes it clear that the party does not sue upon the original indebtedness, but on the new promise made in the written acknowledgment. *Id.*

Here, the only evidence of a written acknowledgement in the summary judgment record is a letter dated April 27, 1983 from Owens to Air France. In this letter, Owens states:

> In our october, 1982 meeting with you, Mr. Joel Soyris, my son Owen and Myself, Owens International agreed to pay Air France $4,000.00 per month for 6 months, or 50% of any monies received from Marlboro. In the event there was no settlement at the end of six months we would have another meeting to determine our future course.

This letter also explains that the bankruptcy proceedings had been delayed and that Owens expected the Chapter 11 bankruptcy to be turned into a Chapter 7. Finally, Owens requested another meeting with Air France in May of 1983.

There is nothing in this April 27 letter which states unequivocally that the Owens acknowledged a debt to Air France. At most, Owens agreed to pay Air France $24,000 and one-half of any money received in the bankruptcy proceedings. Although *House of Falcon* held that parol evidence can be introduced to support a claim based on the new promise within the written acknowledgment, any such introduction is

only for limited purposes. Texas courts have never accepted oral statements as proof of the existence of the acknowledgement itself. Oral promises made to Air France cannot be used to show that the written agreement to pay $24,000 was an acknowledgment of a debt. The reasons for promising to pay $24,000 or one-half of the bankruptcy settlement must be implied. This is insufficient to meet the requisites of § 16.065.

At most, Air France has a cause of action based on the promises within the letter itself to recover the $24,000 or one-half of a bankruptcy settlement. Air France has asked for neither.[5]

Because § 16.006 of the Texas Civil Practice and Remedies Code applies, because Air France failed to bring suit within the three-year limitations period established by this section,[6] and because Air France has failed to present evidence of a written acknowledgment which forms the basis for a new cause of action on the writing itself, the defendant Owens is entitled to summary judgment and to dismissal of this case.

---

**5.** Copies of cancelled checks in the summary judgment record indicate that the $24,000 has already been paid by Owens.

**6.** This Court notes that Air France has asserted that, under the statute, the cause of action accrues on the date of delivery and that Owens failed to establish a date when the horse meat

was delivered. However, the record shows that the shipments were made in June, July and August of 1982. If they were not delivered until after December 23, 1982, Air France must have been horsing around. Proof of such delay would destroy plaintiff's right to recover.