**Sam J. MANDOLA, Appellant,**

v.

**Mary Antoinette OGGERO, Appellee.**

**No. 980.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 17, 1974.

Rehearing Denied May 8, 1974.

Joe S. Maida, of Houston, for appellant.

Sherwood Gaines, Gaines & Merrill, Houston, for appellee.

CURTISS BROWN, Justice.

This is an action to recover an alleged indebtedness.

Appellant Sam J. Mandola (Mandola) brought suit against Mary Antoinette Oggero for the balance of an alleged indebtedness evidenced by a check dated July 2, 1965, and made to the order of Mandola. Trial was to the court, and judgment was entered that Mandola take nothing.

The check to Mandola was made by Oggero's, Inc., as drawer in the amount of $6,600. It was signed by Bat Oggero and Steve Oggero. Appellant claims that this is a written instrument evidencing a debt and signed by the parties to be charged thereby making applicable the four-year statute of limitations, Vernon's Tex.Rev.Civ.Stat. Ann. art. 5529 (1958). We do not need to decide whether this writing is sufficient under Article 5529, but we will assume it to be so for the purposes of this decision.

There was introduced in evidence a detachable voucher from a check of Oggero's, Inc. The voucher indicates a payment of $1,000 on a $6,600 loan, made on June 2, 1966, leaving a balance of $5,600. There is no indication that this payment

was to Mandola. Furthermore, it is not signed by the parties. A list written by Mandola was admitted into evidence, for the limited purpose of showing amounts and dates of payments received by Mandola from Steve and Bat Oggero. The final payment was made on July 3, 1969.

Steve Oggero died on November 29, 1969. In settlement of his affairs, Steve's wife, Mary, the appellee, entered into an agreement with Bat Oggero (also known as John Oggero). Under the terms of that agreement, she assumed as a personal obligation all obligations and liabilities that John Oggero may have had in connection with Oggero's, Inc., as of November 13, 1969. The agreement, executed April 27, 1970, expressly acknowledged that as of November 13, 1969, Oggero's, Inc., and John and Steve Oggero "had or may have had certain liabilities or obligations in connection with the operations of Oggero's, Inc.," to several named persons including Mandola.

■ Assuming that the check evidenced the debt, it was a demand instrument, since no date for payment was indicated. Tex.Bus. & Comm.Code Ann. § 3.-108, V.T.C.A. (Tex. UCC 1968). As such, any cause of action on the debt accrued on the date of the instrument, July 2, 1965. Tex.Bus. & Comm.Code Ann. § 3.122 (Tex. UCC 1968). Assuming the four-year statute of limitations applies, Mandola's action became barred July 2, 1969. This suit was filed on December 22, 1971.

■■ The payments made on the debt did not toll the running of the statute. Article 5539, Tex.Rev.Civ.Stat.Ann.(1958), provides:

When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it be-came due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby.

The voucher in evidence was not signed by the parties and is not referable to Mandola. The evidence of other payments does not show that they met the statutory requirements. The fact that part payments have been made, standing alone, is not sufficient to toll the statute. Stein v. Hamman, 118 Tex. 16, 6 S.W.2d 352 (Tex.Comm'n App. 1928, opinion adopted); Meuseback v. Halff, 77 Tex. 185, 13 S.W. 979 (1890). The appellant failed to meet his burden of proving payments which tolled the statute. Sauer v. Macy Oil Co., 218 S.W.2d 1017 (Tex.Civ.App.—Austin 1949, writ ref'd n. r. e.).

■ The agreement signed by appellee was also insufficient to toll the statute. Article 5539 does not require that the written acknowledgment include a promise to pay. It has been held that such a promise may be implied from an acknowledgment of the debt without accompanying language indicating an unwillingness to pay. Elsby v. Luna, 15 S.W.2d 604 (Tex.Comm'n App.1929, jdgmt adopted). Nevertheless, the written acknowledgment of the debt must be unqualified and unequivocal. Elsby v. Luna, *supra;* Andree v. Edwards Drilling Company, 379 S.W.2d 88 (Tex. Civ.App.—Fort Worth 1964, no writ). The language in the agreement signed by appellee, that the parties "had or may have had certain liabilities or obligations," does not meet his test. In addition to the equivocal language, the list of possible creditors did not indicate amounts owed, so the agreement would not be referable to this indebtedness.

Appellant's cause of action is barred by limitations. The judgment of the trial court is affirmed.