**BRIGHT & COMPANY, Appellant,**

v.

**HOLBEIN FAMILY MINERAL TRUST, Appellee.**

No. 04–98–00674–CV.

Court of Appeals of Texas, San Antonio.

May 5, 1999.

Rehearing Overruled June 14, 1999.

Guadalupe Castillo, Zaffirini & Castillo, Laredo, for appellant.

Baldemar Garcia, Jr., Person, Whitworth, Ramos, Borchers & Morales, LLP, Laredo, for appellee.

Before TOM RICKHOFF, Justice, PAUL W. GREEN, Justice and KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### Nature of the case

Bright and Company appeal from a judgment awarding Holbein Family Mineral Trust ("Holbein") the sum of $34,156.55. Holbein's suit alleged breach of contract and statutory nonpayment of gas royalties. *See* TEX. NAT. RES.CODE ANN. § 91.404(c) (Vernon 1993). Specifically, Holbein alleged that Bright had failed to pay royalties on gas production from October of 1987 to August of 1995. In its first through fourth issues on appeal, Bright alleges that the evidence is legally and factually insufficient to support the award of unpaid royalties, attorney's fees, costs and expenses, and pre-judgment interest. In its fifth issue, Bright argues that the court erred in decreeing that Bright take nothing by way of its affirmative defenses and counterclaim. In the sixth and seventh issues, Bright alleges that the evidence is legally and factually insufficient to support the court's findings of fact and conclusions of law. We affirm the trial court's judgment.

## Factual Background

Under the terms of an oil, gas and mineral lease and a mineral partition, Holbein was entitled to a one-sixteenth non-participating royalty interest in all of the oil, gas and other minerals produced under the lease. In 1980, Bright drilled a gas well on the property which has produced gas continuously. Bright paid a one-eighth royalty for gas production from 1980 to September of 1987.[1] Beginning in October of 1987, however, Bright ceased all royalty payments to Holbein.

According to testimony, Dick Holbein contacted Bright in July of 1995 about the nonpayment of royalties. Holbein was referred to Jack Manaugh who was employed as a landman for Bright. According to Holbein, Manaugh told him that he would look into the nonpayment. On August 11, 1995, Holbein's attorney sent a letter to Manaugh requesting that Manaugh check the records to determine Holbein's interest in the lease and the reason for termination of royalty payments. Bright's attorney also requested that Manaugh provide production data from the lease for the period commencing January 1987 to the present. On September 22, 1995, Manaugh sent a letter to Holbein's attorney which stated that he would search for a possible explanation for the nonpayment of royalties and determine the amount of production involved. Manaugh also wrote that he would try to determine the exact date the royalty payments stopped and noted that Holbein had advised him that the payments stopped in 1987. On October 10, 1995, Manaugh faxed production and distribution summaries to Holbein's attorney. The summaries were in the form of a chart and the last column showed that the "net due Holbein"

from production for the years 1987 through 1995 was the sum of $22,268.20. Holbein's attorney then sent a letter to Manaugh in December of 1995 requesting the amount of $22,268.20 plus interest and reimbursement for CPA services. On January 5, 1996, Bright's attorney sent a letter to Holbein's attorney stating that Holbein's claim for royalty payments on gas sold prior to October 1991 was barred by the four year statute of limitations. Bright then tendered a check for $11,239.36 which represented payment of royalties from October of 1991 through September of 1995.[2] Holbein refused to accept the check and filed suit on February 5, 1996.

In its second amended original petition, Holbein alleged breach of contract and statutory nonpayment of gas royalties for the period of October 1987 through August 1995. *See* TEX. NAT. RES.CODE ANN. § 91.404(c) (Vernon 1993). In response to Bright's amended answer alleging limitations, Holbein invoked the doctrine of acknowledgment. The case was tried to the bench and the court found in favor of Holbein. The court entered judgment awarding Holbein $34,156.55 in damages.[3]

## Standard of review

A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing the sufficiency of the evidence supporting jury findings. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994). To determine whether there is legally sufficient evidence, all the record evidence and inferences must be viewed in a light most favorable to the finding. *Formosa Plastics*

---

1. Bright overpaid Holbein royalty payments because it mistakenly paid Holbein based on a one-eighth royalty instead of a one-sixteenth royalty as provided in the lease. Bright's affirmative defense and counterclaim of offset were based on this overpayment.

2. The check for $11,239.36 was based erroneously on a one-eighth royalty instead of a one-sixteenth royalty as provided for in the lease.

3. The damages award was broken down as follows:

| | |
|---|---|
| (1) actual damages: | $11,134.10 |
| (2) attorney's fees: | $15,000.00 |
| (3) costs and expenses: | $ 2,990.99 |
| (4) prejudgment interest: | $ 5,031.45 |

*Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Id.* In reviewing factual sufficiency issues, the reviewing court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Conclusions of law are reviewed de novo as legal questions. *See Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex.App.—Waco 1997, writ denied). When the trial court's findings involve questions of law and fact, the appellate court reviews the court's decision for an abuse of discretion. *See Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex.App.—San Antonio 1996, no writ). The reviewing court defers to the trial court's factual determinations and reviews its legal determinations de novo. *Id.*

### Unpaid royalties

◼ In its first issue, Bright argues that the evidence is legally and factually insufficient to support the award of damages for unpaid royalties. Bright also attacks the findings of fact and conclusions of law concerning damages. Specifically, Bright complains that the four-year statute of limitations bars Holbein's claim for unpaid royalties from October 1987 through February 5, 1992.[4]

◼ Holbein agrees that the four-year statute of limitations would ordinarily bar recovery for royalty payments from October 1987 through February 5, 1992. Holbein, however, pled that Bright had acknowledged the debt. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.065 (Vernon 1997). Section 16.065 provides the following:

An acknowledgment of the justness of a claim that appears to be barred by limi-

tations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

*Id.* "[I]n order for a written instrument to be sufficient to take a debt otherwise barred out of the operation of the statute of limitations, it must acknowledge the justness of the debt and express a willingness to pay. Where the debt is clearly acknowledged, however, the promise to pay is implied." *MMP, Ltd. v. Jones*, 695 S.W.2d 208, 209 (Tex.App.—San Antonio 1985), *rev'd on other grounds*, 710 S.W.2d 59 (Tex.1986); *see also House of Falcon, Inc. v. Gonzalez*, 583 S.W.2d 902, 905 (Tex. Civ.App.—Corpus Christi 1979, no writ) (finding clear acknowledgment of the existence of a debt implies a promise to pay the debt); *Mandola v. Oggero*, 508 S.W.2d 861, 863 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ) (finding that promise to pay can be implied from acknowledgment of debt). Whether a written instrument sufficiently acknowledges a barred debt is a question of law. *MMP*, 695 S.W.2d at 210.

Holbein relies on Manaugh's letter of September 22, 1995 as an acknowledgment of the debt. Manaugh's letter, addressed to Holbein's attorney, is set forth in its entirety below:

To update you with our progress, this will advise that we have conducted a search of the records of Jim Hogg County. We found no record of any conveyance out of the Holbein family that would cause their½ (of 1/4) royalty to diminish. As a result, I have consulted with a representative of the Major family (owner of the other½ of the royalty) for a possible explanation. In addition, we are searching our records for other possible explanations. We are also accruing information as to the exact month

---

4. Breach of contract and unpaid royalty claims must be brought within four years. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 1987); *Harrison v. Bass Enter. Prod. Co.*, 888 S.W.2d 532, 538–39 (Tex.App.—Corpus Christi 1994, no writ).

and year, (Mr. Holbein advised us it was 1987), that royalty payments ceased and further, the amount of production/income that is involved. Please bear with us as we have every intention of seeing that this matter is resolved. Please forward a copy of this letter to Mr. Holbein with our appreciation for his patience. Should you have any questions, please let me know.

Holbein also points to Manaugh's fax of October 10, 1995 as support that Bright acknowledged the debt. The fax contained production figures from 1987 to 1995 and showed "net due Holbein" to be the sum of $22,268.20. In the findings of fact, the court found that Manaugh, Bright's agent, acknowledged in writing the justness of the debt and made a new promise to pay the debt. In the conclusions of law, the court found that Bright acknowledged in writing the justness of the debt for unpaid royalties and made a new promise to pay the unpaid royalties from October of 1987 through July of 1995. In conclusion of law number six, the court found that Bright made an implied promise to pay the debt by its signed writing acknowledging the debt.

We agree with the court's conclusions of law that Bright acknowledged the debt. Manaugh's letter acknowledged the justness of the debt and implied that the Holbein family was entitled to the unpaid royalty payments. The letter also stated that Bright had found nothing to indicate that the Holbein's interest had diminished. It further stated that Bright had every intention of resolving the matter, which implies a willingness to pay the debt. Further, the production charts showing the "net due Holbein" to be $22,268.20 for production from 1987 to October of 1995, amounted to an acknowledgment of the justness of the debt. Because of the clear acknowledgment of the debt, as evidenced in both Manaugh's letter and the production charts, we imply a promise to pay. Therefore, we find that the trial court correctly

found that the statute of limitations did not bar Holbein's claim for unpaid royalties from 1987 to January of 1992. Thus, we find legally and factually sufficient evidence to support the court's finding of damages of $11,134.10 for unpaid royalties from 1987 to 1995.[5] We overrule Bright's first issue.

### Affirmative Defenses

In its fifth issue, Bright argues that the court erred in finding that it take nothing by way of its affirmative defenses and counterclaim. Bright alleged the affirmative defenses of limitations and payment in its original answer. In its amended original answer, Bright alleged offset as an affirmative defense and a counterclaim. Bright's allegations are based on the fact that it mistakenly made royalty payments to Holbein for the years 1980 through 1987 based on a one-eighth royalty instead of a one-sixteenth royalty. Bright argues that it is entitled to recoup the amount of overpaid royalties for the years 1980 to 1987, which amounts to $25,317.21. Holbein argues that Bright's offset claim was barred by the statute of limitations. The trial court agreed and, in its conclusions of law, found that any offset was barred by the statute of limitations under sections 16.004, 16.051, and 16.069 of the Civil Practice and Remedies Code. Section 16.004 and 16.051 merely set forth the applicability of the four year statute of limitations. Section 16.069 of the Civil Practice and Remedies Code provides that a counterclaim, arising out of the same transaction or occurrence that is the basis of an action, may be filed on the date the answer is required, or within thirty days thereafter, even though as a separate action the claim would be barred by statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.069 (Vernon 1997); *See Matthiessen v. Schaefer*, 900 S.W.2d 792, 796 (Tex.App.—San Antonio 1995, writ denied). Bright filed its counterclaim more than thirty days after the

---

**5.** Through the uncontroverted testimony of Clayton Baum, a CPA, Holbein proved that the amount of unpaid royalties from October 1987 through August 1995 was $11,134.10.

original answer was due to be filed. Thus, even if we assume that Bright's counterclaim arose out of the same transaction or occurrence as Holbein's claim, section 16.069 does not save Bright's counterclaim from the four-year statute of limitations bar.

■■ In a further attempt to avoid the statute of limitations bar, Bright characterizes the offset as an affirmative defense. An affirmative defense establishes an independent reason why the plaintiff should not recover. *See Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203, 212 (Tex.1996). The statute of limitations does not apply to defenses which would operate as a negation of the plaintiff's asserted right to recover. *See Hennigan v. Heights Savings Ass'n,* 576 S.W.2d 126, 130 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Thus, Bright urges, since his claim negates Holbein's right to recover, the statue of limitations does not bar Bright's claim.

■ It is undisputed that Bright failed to make royalty payments from 1987 to 1995. The fact that Bright overpaid royalties from 1980 to 1987 does not, however, negate Holbein's claim for nonpayment of royalties from 1987 to 1995. Thus, Bright's claim for offset really amounts to a counterclaim, rather than an affirmative defense, and is, therefore, barred by the statute of limitations. Bright also alleged the affirmative defense of payment. Under Rule 95 of the Rules of Civil Procedure, a defendant asserting a plea of payment must file an account stating distinctly the nature of such payment. In its conclusions of law, the trial court found that Bright did not properly plead the affirmative defense of payment. We agree.

We find that the court did not err in ordering that Bright take nothing by way of its counterclaim and affirmative defenses because, as a matter of law, the counterclaim was barred by statute of limitations and the affirmative defense of payment was not pled properly. We overrule Bright's fifth issue.

## Attorney's fees

■ In its second issue, Bright argues that the evidence is legally and factually insufficient to support the trial court's award of attorney's fees. Specifically, Bright complains that Holbein's attorney was not listed as an expert in its interrogatory answers and, therefore, should not have been allowed to testify to attorney's fees without demonstrating good cause. *See* TEX.R. CIV. PROC. 215(5); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex.1987). Holbein's attorney's only excuse for failure to list himself as an expert was inadvertence. However, inadvertence, by itself, does not constitute good cause. *See Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 915 (Tex.1992). Thus, the trial court initially excluded Holbein's attorney's fees testimony because of the failure to designate. But, the court subsequently found that Bright opened the door to testimony on attorney's fees during the cross-examination of Mr. Holbein because Bright questioned Holbein about a letter his attorney sent to Manaugh. At the end of trial, the court allowed Holbein's attorney to testify to the reasonable and necessary attorney's fees.

In addition to giving testimony on attorney's fees, Holbein's attorney proved up his attorney's fees by asking the court to take judicial notice of the usual and customary attorney's fees and of the contents of the case file. In awarding attorney's fees, a court may take judicial notice of the usual and customary attorney's fees in a proceeding before the court without receiving evidence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.004(1) (Vernon 1997); *Hasty, Inc. v. Inwood Buckhorn Joint Venture,* 908 S.W.2d 494, 503 (Tex.App.—Dallas 1995, writ denied). Thus, even if the court erred in allowing Holbein's attorney, an undesignated expert witness, to testify, the error was cured in light of the fact that the court took judicial notice of the attorney's fees. *See Budd v. Gay,* 846 S.W.2d 521, 524 (Tex.App.—Houston [14th Dist.] 1993, no writ) (finding court correct

in refusing to consider testimony of attorney not designated as an expert but also finding proper recovery of attorney's fees under section 38.004).

■ In an attempt to show that Holbein is not entitled to attorney's fees, Bright points to the fact that, before trial, it tendered a check to Holbein in an amount that was more than the amount Holbein requested in its petition and received as damages. Bright contends that Holbein's refusal of the offer precludes the recovery of attorney's fees. Bright, however, failed to raise this issue in the trial court and, therefore, has not preserved the issue for our review. Tex.R.App. P. 33.1. Therefore, we find legally and factually sufficient evidence to support the award of attorney's fees. We overrule Bright's second issue.

### Interest and costs

In its third and fourth issues, Bright complains that the evidence was legally and factually insufficient to support the award of pre-judgment interest and costs. Holbein offered evidence as to the amount of interest that accrued on the unpaid royalties through the testimony of Clayton Baum, a CPA. Charts prepared by Baum were also admitted into evidence. Interest on royalty payments is recoverable under the Natural Resources Code. See Tex. Nat. Res.Code Ann. § 91.403(a) (Vernon 1993). Bright argues, however, that Holbein cannot recover interest because, before trial, Bright tendered a check, including interest, which Holbein refused. Bright failed to present this complaint to the trial court and, therefore, has not preserved this issue. Tex.R.App. P. 33.1. Thus, we find the evidence legally and factually sufficient to support the award of interest. We overrule Bright's third issue.

■ Bright also contests the award of $2990.99 for Holbein's costs and expenses. As the successful party, Holbein was entitled to recover all costs incurred in the case. See Tex.R. Civ. P. 131. To prove up costs and expenses, Holbein's attorney testified that the reasonable and necessary expenses were $2990.99. Bright objected, however, on the basis that no evidence of costs was presented. In response, Holbein stated that he was referring to court costs, including the clerk's bill of costs and incidental damages of $1500 for hiring the CPA. Bright did not cross-examine Holbein's attorney concerning the costs. We find legally and factually sufficient evidence to support the award of costs. We overrule the fourth issue.

Having found legally and factually sufficient evidence to support the court's judgment, we also find that the court did not err in its findings of fact and conclusions of law. We overrule Bright's sixth and seventh issues. Accordingly, we affirm the judgment.