TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00639-CV


NO. 03-00-00692-CV






Gerald Brooks, Appellant



v.



Holland Price, IV, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 6040-C, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







 Holland Price, proceeding pro se, sued his uncle Gerald Brooks regarding several
financial transactions among members of their extended family. Brooks answered the lawsuit and
asserted counterclaims contending that Price owed him two specific sums of money. Price filed a
motion to dismiss Brooks' counterclaims. Brooks filed a motion for summary judgment. On June
21, 2000, the county court at law signed a judgment that granted Price's motion to dismiss, ruled that
Brooks' counterclaims were barred by res judicata and the statute of limitations and granted Brooks'
motion for summary judgment. Further, the court ordered "[Price] take nothing by his suit and that
[Brooks] take nothing by way of counterclaims; all said claims are dismissed with prejudice and
barred forever from assertion by or against either party." On September 13, after considering the
parties' post-judgment motions, the county court at law signed an order clarifying the June 21
judgment and ruled that all other relief requested was denied. Brooks appeals raising four points of
error contending that the county court at law erred in ruling against him on his counterclaims. We
affirm the county court at law's judgment. (1)

 This is yet another lawsuit regarding financial transactions among members of the
Price-Brooks family. For years, these parties have been engaged in litigation. Price and Brooks have
been parties to judgments, mediated settlement agreements, and releases. In reviewing the extensive
appellate record, we note that there has been a series of related lawsuits filed by or against these
parties in Hays County and Travis County regarding the family's property and the many intra-family
financial transactions. In 1997, this Court addressed issues very similar to those raised in this case.
Brooks v. Price, No. 03-96-00571-CV (Tex. App.--Austin Feb. 27, 1997, writ denied) (not
designated for publication). The facts surrounding the issues in this case have become so convoluted
that providing a complete background is nigh impossible. 

 In his brief, Brooks states that he is only complaining on appeal about the county
court at law's disposition of his counterclaims. We will focus our appellate analysis solely on
Brooks' counterclaims in which he asserted that Price owed him two debts the parties refer to as (1)
the Spencer Price debt and (2) the Estate/Mona Brooks debt. In this appeal, as in most of the cases
in which Price has been involved, Price proceeds pro se. 


The Spencer Price Debt

 The first sum Brooks contends Price owes him is the Spencer Price debt. Allegedly
in May 1992, Spencer Price, intending to make a loan to his brother Holland Price, gave Holland
$18,000. Price did not dispute the exchange of money but challenged the characterization of the
transaction as a loan because he contended the "loan" benefitted Spencer by funding improvements
to the family's property and residence. Brooks learned about the Spencer Price debt during
mediation regarding the family's property. Brooks alleged that on October 31, 1997, he became the
obligee of the Spencer Price debt when Spencer Price assigned, transferred, conveyed, sold and
granted to Brooks all of Spencer's right, title and interest in and to the indebtedness. On June 30,
1998, Brooks presented a claim to Price for him to pay Brooks the debt previously owed to Spencer
Price. Price refused and continues to refuse to pay the amount requested. On December 21, 1998,
after other litigation over the debt was concluded, Brooks, in order to extinguish any doubt about his
ownership of the debt, executed an assignment with the estate of Mona Brooks that essentially stated
that the estate was releasing to Brooks individually, and passing to him all right, title and interest in
the indebtedness. (2)


The Estate/Mona Brooks Debt

 The second sum Brooks contends Price owes him is the Estate/Mona Brooks debt.
Brooks alleged that in April and May of 1985, Price borrowed a total of $50,000 from his
grandmother Mona Brooks to invest in certain real estate. Brooks contends that the debt is
evidenced by two checks written by Mona Brooks and payable to Holland Price each in the amount
of $25,000. Brooks contends that Price refused to repay the sum to Mona before her death on March
18, 1994. Price also refused to pay Brooks, as the executor of Mona's estate, the $50,000. 
According to Brooks, Mona's estate assigned the claim to him individually by an assignment and
distribution dated December 21, 1998.


Brooks' Counterclaims

 Brooks alleged in his counterclaims in this lawsuit that Price, by executing a mediated
settlement agreement on December 23, 1994, acknowledged the justness of the two debts and agreed
to pay them off to Brooks. See Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 1997). The
portion of the December 1994 mediated settlement agreement upon which Brooks relies is paragraph
seven that provides, 


Debts of Holland [Price] . . . not attached to the land sold above shall be the sole
responsibility of Holland and/or Terri. 



Brooks alleged that based on this language, Price reaffirmed and acknowledged the justness and
validity of the Spencer Price debt and the Estate/Mona Brooks debt and reaffirmed that those debts
were his liability and obligation.

 The county court at law disagreed with Brooks' contention and in the September 13
order expressly found that the December 23, 1994 mediated settlement agreement did not constitute
a reaffirmation or acknowledgment by Price that he owed the two specific debts to Brooks. On
appeal, Brooks raises the following points of error: (1) "the trial court erred in granting summary
judgment for [Price] on grounds that were not raised by [Price's] motion"; (2) "the trial court erred
in granting [Price's] 'motion to dismiss' on the grounds raised in the motion"; (3) "the trial court
erred in dismissing [Brooks'] counterclaims without first affording [Brooks] an opportunity to
amend his pleadings after the trial court granted [Price's] special exceptions"; (4) "the trial court
erred in granting [Price's] special exceptions to [Brooks'] counterclaims."

 Brooks does not challenge the county court at law's explicit holding in the September
13 order that the 1994 mediated settlement agreement was not a reaffirmation or acknowledgment
by Price that he owed the two debts to Brooks. Any unchallenged finding that supports the judgment
will preclude reversal of the case. See Cohen v. Sims, 830 S.W.2d 285, 287 (Tex. App.--Houston
[14th Dist.] 1992, writ denied). We hold that the unchallenged ruling supports the portion of the
judgment that ordered that Brooks take nothing on his counterclaims.

 If, however, Brooks' appellate issues somehow encompass a complaint that the
county court at law erred in finding that the 1994 mediated settlement agreement was not a written
acknowledgment that Price owed the two specific debts to Brooks, we will review the issue of
whether Price acknowledged or reaffirmed the justness of the debts pursuant to section 16.065 when
he executed the 1994 mediated settlement agreement. In reviewing this issue, we must determine
whether the 1994 mediated settlement agreement satisfied the requirements of section 16.065 of the
Texas Civil Practice and Remedies Code as an acknowledgment of a claim.

 Section 16.065 of the Texas Civil Practice and Remedies Code provides the
following:


An acknowledgment of the justness of a claim that appears to be barred by
limitations is not admissible in evidence to defeat the law of limitations if made after
the time that the claim is due unless the acknowledgment is in writing and is signed
by the party to be charged. 


Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 1997). The parties do not dispute that the statute
of limitations has expired on both the Spencer Price debt and the Estate/Mona Brooks debt. (3) 

 In order for a written instrument to be sufficient to take a debt otherwise barred out
of the operation of the statute of limitations, it must acknowledge the justness of the debt and express
a willingness to pay. Bright & Co. v. Holbein Family Mineral Trust, 995 S.W.2d 742, 745 (Tex.
App.--San Antonio 1999, pet. denied). In instances where the debt is clearly acknowledged, the
promise to pay is implied. Id.; see House of Falcon v. Gonzalez, 583 S.W.2d 902, 905 (Tex. Civ.
App.--Corpus Christi 1979, no writ); Mandola v. Oggero, 508 S.W.2d 861, 863 (Tex. Civ.
App.--Houston [14th Dist.] 1974, no writ). Whether a written instrument sufficiently acknowledges
a barred debt is a question of law. Bright, 995 S.W.2d at 745.

 We agree with the county court at law's finding that the December 1994 mediated
settlement agreement did not constitute an acknowledgment or reaffirmation by Price of either of the
two debts at issue. The mediated settlement agreement recites only that Price's debts shall be his
sole responsibility. This general statement does not identify the two debts at issue or refer to them
in any manner. This statement is not an acknowledgment by Price of the justness of the debts nor
an expression of his willingness to pay the two debts at issue. We hold that Price did not
acknowledge or reaffirm the Spencer Price debt or the Estate/Mona Brooks debt when he executed
the 1994 mediated settlement agreement.

 Brooks did not raise an appellate issue challenging the county court at law's finding
that the mediated settlement agreement was not an affirmation by Price that he owed the two debts
to Brooks and this unchallenged finding supports the court's disposition of Brooks' counterclaims. 
Alternatively, even if Brooks' points of error are interpreted as challenging the county court at law's
finding, we hold that as a matter of law, Price did not acknowledge the debts in accordance with
Civil Practice and Remedies Code section 16.065. Brooks' points of error are overruled and the
judgment is affirmed. 



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 29, 2001

Do Not Publish

1.   Both appellate cause numbers relate to the same trial court cause number. There are two
appellate cause numbers because Brooks filed two notices of appeal. Brooks filed the first notice
of appeal after the county court at law signed the June 21 judgment and the second after the court
signed the September 13 clarification order. 
2.   Mona Brooks named her son Gerald Brooks as the executor of her will. It is unclear from the
record how or why Mona Brooks or her estate after she died became the obligee of the alleged debt
owed by Holland Price to Spencer Price. 
3.   In reviewing the appellate record, we cannot pinpoint when the statute of limitations expired
on either of the two claims. Price states in his appellee's brief that "the four-year statute of
limitations ran on the alleged Mona Brooks claim in 1989. Time ran out for the alleged Spencer
Price claim on 5/5/96." Additionally, we infer that the statute of limitations has expired on both
claims because Brooks is urging section 16.065 in his counterclaims, which is only at issue when
limitations has expired. 


s Code provides the
following:


An acknowledgment of the justness of a claim that appears to be barred by
limitations is not admissible in evidence to defeat the law of limitations if made after
the time that the claim is due unless the acknowledgment is in writing and is signed
by the party to be charged. 


Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 1997). The parties do not dispute that the statute
of limitations has expired on both the Spencer Price debt and the Estate/Mona Brooks debt. (3) 

 In order for a written instrument to be sufficient to take a debt otherwise barred out
of the operation of the statute of limitations, it must acknowledge the justness of the debt and express
a willingness to pay. Bright & Co. v. Holbein Family Mineral Trust, 995 S.W.2d 742, 745 (Tex.
App.--San Antonio 1999, pet. denied). In instances where the debt is clearly acknowledged, the
promise to pay is implied. Id.; see House of Falcon v. Gonzalez, 583 S.W.2d 902, 905 (Tex. Civ.
App.--Corpus Christi 1979, no writ); Mandola v. Oggero, 508 S.W.2d 861, 863 (Tex. Civ.
App.--Houston [14th Dist.] 1974, no writ). Whether a written instrument sufficiently acknowledges
a barred debt is a question of law. Bright, 995 S.W.2d at 745.

 We agree with the county court at law's finding that the December 1994 mediated
settlement agreement did not constitute an acknowledgment or reaffirmation by Price of either of the
two debts at issue. The mediated settlement agreement recites only that Price's debts shall be his
sole responsibility. This general statement does not identify the two debts at issue or refer to them
in any manner. This statement is not an acknowledgment by Price of the justness of the debts nor
an expression of his willingness to pay the two debts at issue. We hold that Price did not
acknowledge or reaffirm the Spencer Price debt or the Estate/Mona Brooks debt when he executed
the 1994 mediated settlement agreement.

 Brooks did not raise an appellate issue challenging the county court at law's finding
that the mediated settlement agreement was not an affirmation by Price that he owed the two debts
to Brooks and this unchallenged finding supports the court's disposition of Brooks' counterclaims. 
Alternatively, even if Brooks' points of error are interpreted as challenging the county court at law's
finding, we hold that as a matter of law, Price did not acknowledge the debts in accordance with
Civil Practice and Remedies Code section 16.065. Brooks' points of error are overruled and the
judgment is affirmed. 



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 29, 2001

Do Not Publish

1.   Both appellate cause numbers relate to the same trial court cause number. There are two
appellate cause numbers because Brooks filed two notices of appeal. Brooks filed the fi