COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-269-CV

AVIATION COMPOSITE 
TECHNOLOGIES, INC.                        APPELLANTS
A/K/A AVCOM TECHNOLOGIES, INC. 
A/K/A
AVCOM LOGISTICS, INC., AND 
STEPHEN B. SQUIRES
 
V.
 
CLB CORPORATION                                                                  APPELLEE
 
------------
 
FROM THE 236TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
Introduction
        This 
is a restricted appeal from the trial court’s order dismissing claims for want 
of prosecution. See Tex. R. App. 
P. 30. In three issues, appellants Aviation Composite Technologies, Inc. 
a/k/a Avcom Technologies, Inc. a/k/a AvCom Logistics, Inc. (Avcom), and Stephen 
B. Squires contend that error is apparent on the face of the record because (1) 
the trial court abused its discretion in dismissing Avcom’s counterclaim for 
negligence and claim for offset for want of prosecution and subsequently 
severing the dismissed claims and (2) the trial court erred in severing the 
dismissed claims without notice at a hearing that was not recorded by the court 
reporter. We affirm.
Background Facts
        Appellee 
CLB Corporation (CLB) sued Avcom and Squires in connection with CLB’s purchase 
of an airplane from Avcom. CLB obtained a prejudgment writ of attachment on some 
of Avcom’s personal property; the property was later destroyed in a fire at 
the facility in which it was being stored. Avcom then asserted a counterclaim 
against CLB[1] for negligence in connection with the 
destruction of the seized property and a claim for offset against any recovery 
of CLB in its claims against Avcom. Due to a “dire financial situation,” 
Avcom subsequently executed an assignment for the benefit of creditors, 
transferring all of its assets to another company. Avcom’s counsel then filed 
a Stipulation for Withdrawal of Counsel and Motion for Withdrawal of Counsel, in 
which Avcom, Squires, and their counsel represented to the court that “[d]ue 
to the [a]ssignment and Avcom’s otherwise dire financial circumstances, Avcom 
and Squires are no longer able or willing to fund attorney’s fees and costs 
for this case. . . . At present, Avcom and Squires do not intend to retain other 
counsel to represent them in this action.” The trial court granted the motion 
on December 21, 2001.
        On 
January 25, 2002, CLB filed a motion to dismiss Avcom’s counterclaim and claim 
for offset for want of prosecution. No one appeared for Avcom at the hearing, 
and no record was made of the proceedings.[2]  On 
the day of the hearing, the trial court signed an order dismissing the claims 
and, on its own motion, an order severing the dismissed claims from the 
remainder of the suit.
        Avcom 
and Squires retained new counsel on March 8, 2002, who filed a Motion to Extend 
Time Limits Under Rule 306A and a Motion to Reinstate Claims on March 14, 2002. 
The trial court held a hearing on both motions and denied them on March 27, 
2002. Avcom perfected this appeal on July 29, 2002.
Entitlement to Restricted Appeal
        To 
be entitled to a restricted appeal, an appellant must first show that it: (1) 
filed its notice of restricted appeal within six months after the trial court 
signed the judgment or order; (2) is a party to the suit; (3) did not 
participate in the hearing that resulted in the judgment complained of; and (4) 
did not timely file any postjudgment motion, request for findings of fact and 
conclusions of law, or a notice of appeal within the time permitted by rule 
26.1(a). Tex. R. App. P. 26.1(a), 
(c), 30; Clopton v. Pak, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, 
pet. denied). These requirements are jurisdictional and will cut off a party’s 
right to seek relief by way of a restricted appeal if they are not met. Clopton, 
66 S.W.3d at 515. Once an appellant establishes it has met these requirements, 
it must then establish error apparent from the face of the record before it will 
be entitled to relief from the adverse judgment. Id. CLB contends Avcom 
and Squires have not met the second and third requirements of rule 30 and thus 
are precluded from seeking a restricted appeal.
        A 
restricted appeal is available for the limited purpose of providing a party that 
did not participate at trial the opportunity to correct an erroneous judgment. Id. 
at 516. It is not available to give a party who suffers an adverse judgment at 
its own hands another opportunity to have the merits of the case reviewed. Id. 
In determining whether the nonparticipation requirement of rule 30 is met, the 
question is whether the appellant participated in the “decision-making 
event” that resulted in the order adjudicating the appellant’s rights. Withem 
v. Underwood, 922 S.W.2d 956, 957 (Tex. 1996) (citing Texaco, Inc. v. 
Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996)); Clopton, 
66 S.W.3d at 516. Participation in the decision-making event producing the final 
judgment adjudicating a party’s rights will cut off that party’s ability to 
proceed by restricted appeal. Clopton, 66 S.W.3d at 516; Lewis v. 
Beaver, 588 S.W.2d 685, 687 (Tex. Civ. App.—Houston [14th 
Dist.] 1979, writ ref’d n.r.e.).
        CLB 
claims that Avcom and Squires participated in the decision-making event leading 
to dismissal of Avcom’s claim by: (1) telling the court in the motion to 
stipulate to withdrawal of counsel that Avcom was not willing or able to fund 
attorney’s fees, that it did not intend to retain counsel, and that it 
understood its claims could be dismissed as a lack of its legal representation; 
(2) failing to obtain legal representation after being served with notice of the 
dismissal motion and hearing; (3) failing to attend the dismissal hearing after 
being served with notice; and (4) failing to timely file a motion to reinstate 
the dismissed claims despite being timely served with notice of the dismissal 
order.
        We 
disagree. The decision-making event in this case is the dismissal hearing in 
which the trial court dismissed and severed Avcom’s claims. While the trial 
court’s decision to dismiss the case may have been based on Avcom’s 
statements in the motion to stipulate, neither Avcom nor Squires participated in 
the dismissal hearing, nor did they respond to the dismissal motion in any way. 
In fact, the reasons CLB lists for showing that Avcom and Squires participated 
in the dismissal clearly show that they did not. Furthermore, the motion for 
withdrawal acknowledges only that dismissal could occur; it does not 
affirmatively agree to dismissal. See Clopton, 66 S.W.3d at 516 (holding 
that appellants participated in decision-making events leading to dismissal 
because their attorney signed joint motion to sever and dismiss with prejudice 
and subsequent trial court orders granting the agreed motion and dismissing 
appellants’ claims against appellees).
        An 
appellant in a restricted appeal is not required to show diligence or lack of 
negligence before its complaints will be heard. Texaco, 925 S.W.2d at 
590. “[I]t is the fact of nonparticipation, not the reason for it, that 
determines the right to appeal by” restricted appeal. Id. Therefore, in 
determining whether Avcom and Squires participated in the “decision-making 
event” leading to the dismissal and severance orders, it makes no difference 
whether they knew of the hearing and intentionally did not attend or engage new 
counsel to attend. We hold that Avcom and Squires did not participate in the 
decision-making event leading to the dismissal and severance of Avcom’s 
claims.
        CLB 
further contends that Avcom and Squires cannot maintain this restricted appeal 
because they timely filed a postjudgment motion, the Motion to Extend Time 
Limits Under Rule 306A. The motion contended that the time to file a motion to 
reinstate should be extended because Avcom and Squires did not receive notice of 
the dismissal under rule 306a(4). Tex. R. 
Civ. P. 306a(4). Rule 306a(4) provides that if a party does not receive 
notice of a judgment or appealable order, the time to challenge the judgment or 
order in the trial court begins to run when the party actually receives notice 
or actual knowledge of the signing of the judgment or order, provided that the 
time may not begin more than ninety days after the judgment or order is signed. Id. 
CLB contends that even though the trial court denied the motion to extend and 
found that the motion to reinstate was untimely, the motion to extend was a 
timely filed postjudgment motion because it was filed within ninety days after 
the judgment was signed.
        The 
policy behind the nonparticipation requirement of former rule 45, now rule 30, 
was to deny writ of error appeal, now called restricted appeal, to a party who 
should reasonably resort to the quicker method of direct appeal. Texaco, 
925 S.W.2d at 590. Logic dictates that the requirement that no timely 
postjudgment motions have been filed furthers the same policy. A party who 
timely files a motion for new trial or a motion to reinstate is entitled to a 
longer period of time to perfect an ordinary appeal. See Tex. R. App. P. 26.1(a). But a motion to 
extend time to file a motion to reinstate does not extend the time to file a 
notice of appeal under rule 26.1(a). Id. Thus, regardless of whether the 
motion to extend was timely filed, the trial court’s denial of that motion 
precluded Avcom and Squires from perfecting an ordinary appeal.[3]  
We conclude that Avcom and Squires did not timely file a postjudgment motion for 
purposes of rule 30. Tex. R. App. P. 
30. Having determined that Avcom and Squires meet the requirements of rule 30 
for maintaining a restricted appeal, we will address their issues on appeal.
Propriety of Dismissal
        In 
their second issue, Avcom and Squires contend that the trial court abused its 
discretion in dismissing Avcom’s claims against CLB. They claim that the trial 
court was not authorized to dismiss the case solely because Avcom was no longer 
represented by counsel.
        CLB’s 
motion asked the trial court to dismiss Avcom’s claims pursuant to the 
court’s inherent authority to dismiss claims that have been abandoned or that 
have not been prosecuted diligently. See Villareal v. San Antonio Truck & 
Equip., 994 S.W.2d 628, 630 (Tex. 1999). In its motion, CLB contended that: 
(1) Avcom’s claims were brought on behalf of the corporation and not Squires; 
(2) a corporation may appear and be represented only by a licensed attorney, Kunstoplast 
of Am., Inc. v. Formosa Plastics Corp., 937 S.W.2d 455, 456 (Tex. 1996); (3) 
Avcom stated in the motion to stipulate to withdrawal of counsel that it had no 
present plans to hire counsel and was not at the time willing and able to fund 
attorney’s fees, thereby indicating that it had no intention to further 
prosecute its claims; and, therefore, (4) Avcom failed to prosecute its claim 
with due diligence.
        Avcom 
filed its counterclaim and claim for offset on December 6, 2000. The record 
shows that Avcom served one request for production on February 13, 2001. Out of 
thirty questions, three appear to relate to its counterclaim and claim for 
offset. On July 24, 2001, Avcom filed notices to depose CLB’s principal fact 
witnesses, but Avcom never deposed these witnesses.
        Trial 
was set for the week of April 1, 2002, two months after the dismissal hearing. 
Based on the minimal amount of discovery in the record concerning Avcom’s 
claims, Avcom’s representations to the trial court in the stipulation of 
withdrawal of counsel, and the fact that trial was only two months away when the 
trial court signed the dismissal order, we cannot conclude that the trial court 
abused its discretion in dismissing Avcom’s claims.[4] 
Avcom and Squires’s second issue is overruled.
Propriety of Severance
        In 
their first and third issues, Avcom and Squires contend that the trial court 
improperly severed the dismissed claims without prior notice to the parties and 
without making a record of the proceedings and that the severance was an abuse 
of discretion because its claims were compulsory counterclaims.
Lack of Notice and Record
        The 
order of dismissal and order of severance are both dated January 31, 2002. CLB 
did not file a motion for severance; the trial court severed the dismissed 
claims on its own motion. The trial court is authorized to sever claims on its 
own motion, so long as the severance is proper under the rules of civil 
procedure, and a motion to sever is unnecessary. Rice v. Travelers Exp. Co., 
407 S.W.2d 534, 536 (Tex. Civ. App.—Houston 1966, no writ).[5]  
We find no authority indicating that the trial court must provide the parties 
with prior notice of its intent to sever. In addition, the record indicates that 
the trial court clerk mailed a copy of the severance order to Avcom and Squires 
along with a copy of the dismissal order.[6]
        Avcom 
and Squires further rely on rule 13.1 of the rules of appellate procedure and 
the supreme court’s opinion in Rogers v. Rogers, 561 S.W.2d 172 (Tex. 
1978), for the proposition that the trial court’s severance of Avcom’s 
claims without a record of the hearing resulting in the severance is error 
apparent on the face of the record. Rule 13.1 provides that “[t]he official 
court reporter must: (a) unless excused by agreement of the parties, 
attend court sessions and make a full record of the proceedings.” Tex. R. App. P. 13.1 (emphasis added). 
Prior to the effective date of rule 13.1, the supreme court in Rogers, a 
default judgment case, quoted with approval a prior supreme court holding that 
when “‘an appellant exercises due diligence and through no fault of his own 
is unable to obtain a proper record of the evidence introduced, this may require 
a new trial where his right to have the case reviewed on appeal can be preserved 
in no other way.’” 561 S.W.2d at 173-74 (quoting Robinson v. Robinson, 
487 S.W.2d 713, 715 (Tex. 1972)).
        The 
cases cited by Avcom and Squires in support of their contention that the 
principle in Rogers controls are all cases where a record was required to 
review the sufficiency of an evidentiary decision by the trial court. See, 
e.g., Carstar Collision, Inc. v. Mercury Fin. Co., 23 S.W.3d 368, 370 (Tex. 
App.—Houston [1st Dist.] 1999, pet. denied) (“If the judgment is 
rendered after presentation of evidence to the court in the absence of the 
appellant and his attorney, the failure to have the court reporter present to 
make a record constitutes reversible error. Such an error is not harmless 
because, without a reporter’s record, [the court] is unable to determine if 
sufficient evidence was submitted to support the judgment.” (citations 
omitted)); Elkins v. Jones, 613 S.W.2d 533, 534 (Tex. Civ. App.—Austin 
1981, no writ) (noting that “[b]y its terms, the Robinson rule is 
applicable . . . to evidentiary hearings”). A trial court is not required to 
hold an evidentiary hearing before severing a cause of action. See Tracy v. 
Annie’s Attic, Inc., 840 S.W.2d 527, 539 (Tex. App.—Tyler 1992, writ 
denied). Thus, Rogers does not require reversal of the trial court’s 
judgment in this case.
        Furthermore, 
even if the court reporter’s failure to record the hearing is error under rule 
13.1, Avcom and Squires have failed to show resulting harm. See Tex. R. App. P. 44.1(a). Because the 
trial court was not required to hold a hearing on its motion to sever, it could 
have properly based its decision on the parties’ pleadings. We hold that the 
absence of a reporter’s record from the January 31, 2002 hearing, even if 
error, did not “probably cause[] the rendition of an improper judgment; or 
probably prevent[] [Avcom] from properly presenting the case to” this court. Tex. R. App. P. 44.1(a). We overrule 
Avcom and Squires’s first issue.
Whether Severance Was Abuse 
of Discretion
        Avcom 
and Squires contend that the trial court improperly severed the dismissed claims 
because Avcom’s counterclaim is a compulsory counterclaim, the severed claims 
are so interwoven with the remaining action as to involve the same facts and 
issues, and the claim for offset was in the nature of an affirmative defense. 
They claim that the severance precluded Avcom from presenting its claims at 
trial.
        A 
severance splits a single suit into two or more independent actions, each action 
resulting in an appealable final judgment. Van Dyke v. Boswell, O'Toole, 
Davis & Pickering, 697 S.W.2d 381, 383 (Tex. 1985). Severance of claims 
under the Texas Rules of Civil Procedure rests within the sound discretion of 
the trial court. Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 
(Tex. 1996) (orig. proceeding). A claim is properly severable if (1) the 
controversy involves more than one cause of action, (2) the severed claim is one 
that would be the proper subject of a lawsuit if independently asserted, and (3) 
the severed claim is not so interwoven with the remaining action that they 
involve the same facts and issues. Guar. Fed. Sav. Bank v. Horseshoe 
Operating Co., 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g). The 
controlling reasons for a severance are to do justice, avoid prejudice, and 
further convenience. Id.
        A 
counterclaim is compulsory if “it arises out of the transaction or occurrence 
that is the subject matter of the opposing party’s claim and does not require 
for its adjudication the presence of third parties of whom the court cannot 
acquire jurisdiction.” Tex. R. Civ. P. 
97(a). CLB’s claims against Avcom and Squires arose out of CLB’s purchase of 
a plane from Avcom. Avcom’s counterclaim against CLB did not arise until after 
CLB filed suit against Avcom and Squires and relates to CLB’s prejudgment 
attachment of Avcom’s property that is not the subject of CLB’s claims. 
Thus, Avcom’s counterclaim against CLB does not arise out of the same 
transaction as CLB’s claims and is not a compulsory counterclaim. Cf. 
Leasure v. Peat, Marwick, Mitchell & Co., 722 S.W.2d 37, 39 (Tex. 
App.—Houston [1st Dist.] 1986, no writ) (holding that “a claim 
for wrongful sequestration or attachment does not arise out of the same 
transaction or occurrence as the previous action in which the wrongful 
sequestration or attachment occurred”). For the same reasons, the counterclaim 
and claim for offset are not “so interwoven with the remaining action that 
they involve the same facts and issues.” Guar. Fed. Sav. Bank, 793 
S.W.2d at 658. In fact, the substance of CLB’s suit against Avcom and Squires 
is not relevant to the counterclaim or claim of offset, which alleges only that 
CLB was negligent in not purchasing insurance for the stored property and in 
signing a waiver of the storage facility’s liability for any damage to the 
property.
        Furthermore, 
Avcom’s claim for offset is not in the nature of an affirmative defense. An 
affirmative defense establishes an independent reason why the plaintiff should 
not recover on its asserted cause of action. Tex. Beef Cattle Co. v. Green, 
921 S.W.2d 203, 212 (Tex. 1996); Bright & Co. v. Holbein Family Mineral 
Trust, 995 S.W.2d 742, 747 (Tex. App.—San Antonio 1999, pet. denied). 
However, if Avcom proved and was awarded damages on its claim, it would not 
negate CLB’s right to recover on its cause of action. See Bright & Co., 
995 S.W.2d at 747 (holding that gas lessee’s claim for overpayment of 
royalties from 1980 to 1987 would not negate lessor’s claim for nonpayment of 
royalties between 1987 and 1995). Thus, Avcom’s claim for offset was in the 
nature of a counterclaim rather than an affirmative defense. See id. We 
hold that the trial court did not abuse its discretion in severing Avcom’s 
claims. We overrule Avcom and Squires’s third issue.
        Having 
overruled all of Avcom and Squires’s issues, we affirm the trial court’s 
judgment.


                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and DAUPHINOT, JJ.
DELIVERED: January 15, 2004


NOTES
1. 
Avcom also sued Tarrant County as a third party defendant. This court reversed 
the trial court’s dismissal of Avcom’s claims against Tarrant County in a 
separate cause number, 02-02-00243-CV.
2. 
Avcom does not contend in this appeal that it did not receive adequate notice of 
the dismissal hearing on January 31, 2002.
3. 
If the trial court had granted the motion to extend, Avcom and Squires’s 
motion to reinstate would have been timely; therefore, it would have extended 
the time to file a notice of appeal. See Tex. R. App. P. 26.1.
4. 
Avcom contends that the trial court could dismiss its claims only on the grounds 
asserted in the motion to dismiss, see Villareal, 994 S.W.2d at 630-32, 
and that dismissal for the sole reason that Avcom was not represented by counsel 
for a short time was improper. However, the holding of Villareal is not 
as broad as Avcom urges. Villareal holds that a dismissal order may not 
be affirmed on the basis of the trial court’s inherent power to dismiss when 
the notice of dismissal indicated only that the party’s claims were subject to 
dismissal under rule 165a. Id. at 631-33; see Tex. R. Civ. P. 165a. CLB’s motion 
adequately apprised Avcom and Squires that CLB was seeking dismissal pursuant to 
the trial court’s inherent power to dismiss a claim for failure to prosecute 
with due diligence.
5. 
In addition, a trial court may sever dismissed claims from remaining claims in 
order to render an otherwise interlocutory judgment final and appealable. See 
Diversified Fin. Sys., Inc. v. Hill, Heard, O’Neal, Gilstrap & Goetz, P.C., 
3 S.W.3d 616, 618 (Tex. App.—Fort Worth 1999), rev’d on other grounds, 
63 S.W.3d 795 (Tex. 2001); cf. Brown v. Todd, 53 S.W.3d 297, 300 (Tex. 
2001) (noting that “[a]fter the trial court dismissed Hotze's claim for lack 
of standing, he could have sought a severance so that the dismissal against him 
would have been an appealable final judgment. In that event, both the court of 
appeals and this Court would unquestionably have had jurisdiction over his 
claim.”).
6. 
In the order denying the motion to extend time to file a motion to reinstate, 
the trial court found that Avcom and Squires failed to establish that they did 
not receive notice or acquire actual knowledge of the dismissal of Avcom’s 
claims.