Affirmed and Memorandum Opinion filed June 1, 2004









Affirmed and Memorandum Opinion
filed June 1, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01334-CV

_______________

 

MEDAL, L.P., Appellant

 

V.

 

KVAERNER PROCESS SYSTEMS US,
INC., Appellee

_________________________________________________________________

 

On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 02‑19192

_________________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

In this breach of contract action, appellant Medal, L.P.
contends summary judgment was improperly granted in favor of appellee.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

Background








Appellee, Kvaerner Process Systems US, Inc. (KPS), purchased
membrane modules from appellant, Medal, L.P. (Medal).  Medal sent three invoices to KPS, requiring
total payments of $720,000 by September 30, 1997.  On November 3, 1997, KPS paid Medal
$429,000.  On April 26, 2001, KPS sent
the following letter to Medal concerning the remaining $291,000:

Our lawyers have researched into the $720,000 . . . .
We confirm that $291,000 USD was deducted from these invoices following
discussions between Medal . . . and KPS . . . . Our lawyers have not yet
reached a conclusion as to whether this amount is legally due to Medal.      

. . . . 

KPS undertakes to pay the $291,000 USD to Medal if
this amount is due at law to Medal.  If
Medal and KPS are unable to agree whether KPS is legally obligated to pay the
$291,000 USD, we suggest that the matter be submitted to informal arbitration .
. . . KPS will be bound by the ruling of such lawyer or judge.  

 

Medal filed suit against KPS for breach of contract on
December 19, 2001, seeking the unpaid balance. 
KPS filed a motion for summary judgment on the ground that Medal=s claim was barred by the statute of
limitations.  The trial court granted KPS=s motion.

Standard of Review

We review a traditional summary judgment to determine whether
the record establishes there is no genuine issue of material fact and the
movant is entitled to judgment as a matter of law on a ground set forth in the
motion.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  In deciding whether the summary judgment
record establishes the absence of a genuine issue of material fact, we view as
true all evidence favorable to the non‑movant and indulge every
reasonable inference, and resolve all doubts, in its favor.  Nixon, 690 S.W.2d at 548B49.








When a defendant moves for summary judgment on the basis of
an affirmative defense such as limitations, it has the burden to conclusively
prove all the elements of the affirmative defense as a matter of law.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  If the movant establishes that the statute of
limitations bars the action, the nonmovant must then adduce summary judgment
proof raising a fact issue to avoid the statute of limitations.  Id.

Discussion

In one issue, Medal contends its claim is not barred by the
statute of limitations.  The statute of
limitations for claims involving a debt is four years.  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.004 (Vernon 2002).  However, the statute of limitations may be
avoided if the party to be charged acknowledges the debt in writing.  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.065 (Vernon 1997).  An acknowledgment of a debt must (1) be in
writing and signed by the party to be charged; (2) contain an unequivocal
acknowledgment of the justness or the existence of the particular obligation;
and (3) refer to the obligation and express a willingness to honor that
obligation.  Stine v. Stewart, 80
S.W.3d 586, 591 (Tex. 2002).  An
acknowledgment of an existing debt creates a new obligation.  Id. 
Whether a writing sufficiently acknowledges a debt is a question of
law.  Bright & Co. v. Holbein
Family Mineral Trust, 995 S.W.2d 742, 745 (Tex. App.CSan Antonio 1999, pet. denied).  Medal concedes it filed suit more than four
years after the due date of the invoices but claims KPS=s April 26 letter sufficiently
acknowledged the debt creating a new obligation. 








In its motion for summary judgment, KPS argued the letter was
not an acknowledgment of the debt because it did not contain an unequivocal
acknowledgment of the existence of the obligation.  See id.  In the letter KPS stated, AOur lawyers have not yet reached a
conclusion as to whether this amount is legally due to Medal,@ and that it would pay the amount Aif this amount is due at law to
Medal.@ 
KPS also agreed to submit the matter to arbitration if the parties could
not agree whether it was obligated to pay the amount to Medal.  KPS never admitted that a debt to Medal did
in fact exist.  KPS specifically stated
its representatives had not yet determined whether the disputed amount was
due.  We do not find KPS=s acknowledgment of the existence of
a disputed claim to be an unequivocal acknowledgment of the existence of a particular
obligation.  See Mandela v. Oggero,
508 S.W.2d 861, 863 (Tex. Civ. App.CHouston [14th Dist.] 1974, no writ)
(holding debtor=s statement that debtor Ahad or may have had certain
liabilities or obligations@ was equivocal and did not constitute an acknowledgment of
the debt); cf Stine, 80 S.W.3d at 592 (holding agreement referring to
the creditor and the amount of the unpaid principal and expressly providing how
and when the debtor would pay was an acknowledgment that the debt existed); Andrews
v. Cohen, 664 S.W.2d 826, 828B29 (Tex. App.CTyler 1984, writ ref=d n.r.e.) (noting debtor=s statement Awe will agree that the total
indebtedness . . . is $90,000@ was an acknowledgment of indebtedness). 

Appellant claims that a letter held to be an acknowledgment
of a debt in Bright & Co., 995 S.W.2d 742, is similar to the letter
at issue here.  The debtor in Bright stated
in a letter he was in the process of investigating why the creditor had not
been paid, and he had not yet found a possible explanation.  Id. at 745B46. 
He also sent a fax stating $22,268.20 was the Anet due [the creditor].@ 
Id. at 746.  In contrast to
KPS, he did not make any explicit statements that he had not yet determined
whether he was obligated to pay, and he expressly acknowledged a sum was
due.  See id. at 745B46. 
Additionally, Bright was decided before the Texas Supreme Court
articulated the requirement that a writing must contain an unequivocal acknowledgment
of an obligation.  See Stine, 80
S.W.3d at 591.  The court in Bright determined
only that the writing acknowledged a debt; it did not analyze whether that
acknowledgment was unequivocal.  Bright,
995 S.W.2d at 745B46.  Accordingly,
the acknowledgment in Bright is distinguishable from the letter here.








Medal also claims we should liberally construe the letter
because Medal received it before the statute of limitations had run.  See Standard Sur. & Cas. Co. v. Wynn,
172 S.W.2d 789, 793 (Tex. Civ. App.CAmarillo 1943, no writ) (noting it
takes Aless evidence@ to extend the statute of limitations
on a debt if the new promise is made before the statute has run);
Caterpillar Tractor Co. v. Churchill, 40 S.W.2d 971, 972 (Tex. Civ. App.CTexarkana 1931, writ ref=d). 
However, courts have more recently held that the statute of limitations
should be construed liberally in favor of debtors.  California Chem. Co. v. Sasser, 423
S.W.2d 347, 350 (Tex. App.CCorpus Christi 1967, no writ) (citing Miller v. Thomas,
226 S.W.2d 149 (Tex. Civ. App.CAmarillo 1949, writ ref=d)).  
A[T]he tendency of modern decisions
has been . . . not to torture vague expressions into acknowledgments or
promises, when the language does not clearly impart such construction.@ 
Sheffield Capital Corp. v. Konen, No. A14-94-00157-CV,
1995 WL 128250, at *4 (Tex. App.CHouston [14th Dist.] Mar. 23, 1995,
no writ) (not designated for publication) (citing Howard v. Windom, 86
Tex. 560, 26 S.W. 483, 485 (1894); Metro. Cas. Ins. Co. of New York v. Davis,
174 S.W.2d 84, 87 (Tex. Civ. App.CWaco 1943, writ dism=d by agr.)).  Accordingly, KPS=s expression that a disputed claim
exists does not amount to an unequivocal acknowledgment of the obligation.

Conclusion

We hold KPS=s letter does not constitute acknowledgment of a debt which
created a new obligation.[1]  Accordingly, the trial court properly granted
KPS=s motion for summary judgment on the
ground that Medal=s claim was barred by the statute of limitations.  The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed June 1, 2004.

Panel consists of
Justices Fowler, Edelman and Seymore.

 

 











[1]  Because we
have determined KPS did not unequivocally acknowledge existence of the
obligation, we need not consider whether KPS expressed a willingness to honor
the obligation.